EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Myrna E. Berríos Fernández<br><br>Recurrida<br><br>v.<br><br>Hiram Vázquez Botet<br><br>Peticionario | Certiorari<br><br>2016 TSPR 187<br><br>196 DPR ____ |

Número del Caso: CC-2015-689

Fecha: 18 de agosto de 2016

Tribunal de Apelaciones:

    Región Judicial de San Juan, Panel IV

Abogado de la Parte Peticionaria:

    Lcda. Magda C. Morales Torres
    Lcda. Waleska Delgado Marrero
    Lcda. María Soledad Piñero Soler

Abogada de la parte Recurrida:

    Lcda. Evelyn González Otero

Materia: Notificación de dictámenes judiciales sobre solicitudes de reconsideración y de determinaciones de hechos adicionales; formularios a ser utilizados para cada notificación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Myrna E. Berríos Fernández | | |
| Recurrida | | |
| v. | CC-2015-689 | Certiorari |
| Hiram Vázquez Botet | | |
| Peticionario | | |

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 18 de agosto de 2016.

A partir de la aprobación de las Reglas de Procedimiento Civil de 2009, este Tribunal incorporó un cambio sustancial cuando se presentan mociones que interrumpen los términos para acudir en alzada ante un tribunal de mayor jerarquía. Particularmente, se impone la presentación conjunta de este tipo de mociones y la resolución de igual manera, con el fin de crear un término único para ir en alzada.

En innumerables ocasiones, hemos advertido que la notificación de los dictámenes de los distintos foros judiciales tiene que ser adecuada. A estos fines, no hemos vacilado en sostener que la notificación ha de realizarse en

el formulario correcto. Sin embargo, luego de aprobadas las reglas procesales de 2009, resulta necesario pautar cómo debe realizarse la notificación del dictamen judicial en aquellas instancias en las que se solicitaron, de forma conjunta, las mociones interruptoras de los términos para acudir en alzada.

I

Los hechos relevantes a la controversia ante nuestra consideración se remiten a dos dictámenes emitidos por el Tribunal de Primera Instancia. El primero, una Sentencia emitida el 3 de febrero de 2015, archivada en autos el 10 de febrero del mismo año, mediante la cual el foro primario declaró roto y disuelto el vínculo matrimonial entre la Sra. Myrna E. Berríos Fernández (señora Berríos Fernández) y el Sr. Hiram Vázquez Botet (señor Vázquez Botet) por la causal de ruptura irreparable.[1] El segundo, una Resolución emitida y notificada en la misma fecha, en la cual se declaró no ha lugar una petición de la señora Berríos Fernández para concederle una cantidad adicional de pensión *pendente lite*. Empero, el foro primario, al considerar que los dineros recibidos por la señora Berríos Fernández atienden estrictamente lo relacionado a proveerle recursos necesarios para vivir, le concedió $10,000. Ambos dictámenes fueron notificados en el

---

[1] La Sra. Myrna E. Berríos Fernández interpuso demanda de divorcio por la causal de trato cruel y el Sr. Hiram Vázquez Botet incoó una reconvención por la causal de ruptura irreparable.

Formulario OAT-704 para notificar Sentencias finales o parciales.

Oportunamente, en desacuerdo con los dictámenes, el 25 de febrero de 2015, la señora Berríos Fernández presentó la *Moción solicitando determinaciones de hechos adicionales y moción de reconsideración sobre la causal de divorcio* y, además, la *Moción solicitando determinaciones de hechos adicionales y moción de reconsideración sobre alimentos pendente lite.* Así, solicitó determinaciones de hechos adicionales y reconsideración para cada una de las decisiones emitidas.

En atención a las referidas solicitudes, el 25 de marzo de 2015, notificada el 6 de abril de 2015, el Tribunal de Primera Instancia atendió las mociones presentadas y las declaró "no ha lugar". Para ello, se limitó a utilizar el Formulario OAT-082, disponible para la notificación de archivo en autos de la resolución de una moción de reconsideración y, a su vez, en el Formulario OAT-750 para notificar resoluciones y órdenes.[2]

Por su parte, el 5 de mayo de 2015, la señora Berríos Fernández presentó una moción en la que solicitó al foro primario que emitiera su decisión con relación a las solicitudes de determinaciones de hechos que presentó en torno a la sentencia de divorcio y a los alimentos *pendente lite.* Ello, bajo el entendido de que el Tribunal

---

[2] El foro primario notificó por separado los dictámenes con relación a las dos mociones presentadas por la señora Berríos Fernández.

de Primera Instancia dispuso solamente de las mociones de reconsideración presentadas, pero guardó silencio respecto a las solicitudes de determinaciones de hechos adicionales. La señora Berríos Fernández sostuvo que las decisiones sobre las mociones de determinaciones de hechos adicionales requieren ser notificadas en el Formulario OAT-687 para notificación de resoluciones de determinaciones de hechos iniciales o adicionales.

A estos efectos, el Tribunal de Primera Instancia procedió a emitir la Resolución de 12 de mayo de 2015, notificada el 18 de mayo de 2015, en la que determinó como sigue:

> Nada que disponer. El día 25 de marzo de 2015 este Tribunal determinó, en un solo escrito conforme la Regla 43.1 de Procedimiento Civil, NO HA LUGAR la moción titulada "Moción solicitando Determinaciones de Hechos Adicionales y Moción de Reconsideración sobre Causal de Divorcio", determinación que fue notificada el día 6 de abril de 2015 mediante el formulario OAT 082. Así mismo, el día 25 de marzo de 2015 este Tribunal determinó NO HA LUGAR [a] la "Moción solicitando Determinaciones de Hechos Adicionales y Moción de Reconsideración sobre Alimentos Pendente Lite" la cual fue notificada el día 6 de abril de 2015 mediante formulario OAT 082.[3]

A partir de esta notificación, la señora Berríos Fernández acudió al Tribunal de Apelaciones y presentó su apelación el 17 de junio de 2015. En ésta, señaló una serie de errores relacionados con la Sentencia de

_____

[3] La Resolución fue notificada en el Formulario OAT-750 para Resoluciones y Órdenes.

divorcio emitida por el Tribunal de Primera Instancia y su reclamo para la concesión de alimentos *pendente lite*.

De inmediato, el señor Vázquez Botet solicitó la desestimación del recurso ante el Tribunal de Apelaciones por falta de jurisdicción. Éste reclamó que el recurso presentado era tardío. Arguyó que los términos comenzaron a decursar el 6 de abril de 2015 cuando el Tribunal de Primera Instancia notificó su dictamen en el Formulario OAT-082. El señor Vázquez Botet arguyó que esa notificación es suficiente, pues el formulario advierte a las partes de su derecho a ir en alzada.

El Tribunal de Apelaciones atendió la solicitud de desestimación mediante la Sentencia emitida el 14 de julio de 2015, archivada en autos al día siguiente. El foro apelativo intermedio desestimó por prematuro el recurso presentado por la señora Berríos Fernández y ordenó la notificación de los dictámenes sobre las solicitudes de determinaciones de hechos adicionales mediante el Formulario OAT-687.[4] Fundamentó su curso decisorio en que el Tribunal de Primera Instancia no dispuso de las mociones de determinaciones de hechos adicionales, ya que no emitió notificación alguna en el

---

[4] La Juez García García disintió por entender que el Tribunal de Apelaciones tenía jurisdicción para entender en los méritos de la controversia.

Formulario OAT-687 correspondiente, lo que conllevó el que no se reanudara el término para acudir en alzada.[5]

En desacuerdo, el señor Vázquez Botet acudió ante este Tribunal. Éste sostiene que erró el Tribunal de Apelaciones en su determinación, ya que la notificación mediante el Formulario OAT-082 es suficiente, porque ésta le advierte a la señora Berríos Fernández su derecho a solicitar la revisión o apelación.

Trabada de esta forma la controversia, emitimos una Resolución el 3 de noviembre de 2015, ordenando a la señora Berríos Fernández mostrar causa por la cual no procedía modificar la Sentencia emitida por el Tribunal de Apelaciones, a los fines de ordenar la notificación simultánea de los dictámenes sobre todos los asuntos en los correspondientes formularios. Con el beneficio de su comparecencia, este Tribunal procede a resolver la controversia ante nuestra consideración.

II

Como es sabido, un ordenado sistema judicial requiere que la notificación de las órdenes, resoluciones y sentencias sea de forma adecuada. Bco. Popular v. Andino Solís, 192 DPR 172, 183 (2015). El debido proceso de ley, en su vertiente procesal, así lo exige. Dávila

---

[5] Posterior a esa determinación, la señora Berríos Fernández solicitó al Tribunal de Primera Instancia la notificación de la disposición sobre las mociones de determinaciones de hechos adicionales en el Formulario OAT-687. El foro primario así lo hizo el 27 de julio de 2015.

*Pollock et als.* v. R. F. Mortgage, 182 DPR 86, 94 (2011). La incorrecta notificación de los dictámenes emitidos por los tribunales atenta contra los derechos de las partes al privarles de cuestionar el dictamen emitido, y causarles demoras e impedimentos en el proceso judicial. Íd.; Río Const. Corp. v. Mun. de Caguas, 155 DPR 394, 405-406 (2001); Falcón Padilla v. Maldonado Quirós, 138 DPR 983, 993 (1995). Véase, además: J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed. San Juan, Pubs JTS, 2011, T. IV, págs. 1358-1359. En consecuencia, la falta de una correcta notificación incide en las garantías del debido proceso de ley. R & G Mortgage v. Arroyo Torres y otros, 180 DPR 511, 520 (2010); Caro v. Cardona, 158 DPR 592, 599-600 (2003).

De igual forma, si no se cumple con el trámite de notificación adecuado, la sentencia no surte efecto ni podrá ser ejecutada. Falcón Padilla v. Maldonado Quirós, *supra*, pág. 990. No podemos olvidar que nuestras reglas procesales disponen claramente que "la sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo". 32 LPRA Ap. V, R. 46.

Ahora bien, ese término puede ser interrumpido por la oportuna presentación, entre otras, de una moción para enmendar o hacer determinaciones de hechos iniciales o adicionales o por una moción de reconsideración que

cumpla con los requisitos establecidos por las reglas procesales. *Véanse*: Reglas 52.2, 43.1, y 47 de las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.2, 43.1, 47. De ahí la importancia de que las determinaciones sobre estos asuntos sean, igualmente, notificados de forma correcta, pues es a partir del archivo en autos de la notificación sobre la determinación de una moción de determinaciones de hechos iniciales o adicionales o de la reconsideración que comienzan a decursar nuevamente los términos para ir en alzada. Plan de Salud Unión v. Seaboard Sur. Co., 182 DPR 714, 716 (2011).

Ante la inminente importancia de que la notificación sea adecuada, y con el fin de proteger los derechos apelativos de las partes, la Oficina de Administración de los Tribunales diseñó unos formularios especializados que precisan el asunto que el tribunal concretamente atiende, y a su vez, expresan cuáles notificaciones tienen el efecto de iniciar el término para acudir en apelación o revisión; en lo atinente al recurso ante nos, el Formulario OAT-082 titulado *Notificación de archivo en autos de la resolución de moción de reconsideración* y el Formulario OAT-687 titulado *Notificación de resolución de determinaciones de hechos iniciales o adicionales*. En ambos formularios, se expresa que la parte perjudicada puede presentar un recurso de apelación al haberse archivado en autos copia del dictamen emitido por el

tribunal. Además, existe el Formulario OAT-750 que se utiliza para notificación de resoluciones y órdenes, y el cual no contiene aviso alguno sobre el término para acudir al tribunal de mayor jerarquía, ya que la disposición de un asunto interlocutorio no pone fin al trámite judicial.

A fin de que la garantía de un debido proceso de ley, en su vertiente procesal, no quede relajada e inobservada, consecuentemente hemos advertido que la relevancia de estos formularios consiste en que a través de ellos se moldean uniformemente los principios establecidos en las reglas procesales a tal grado que este Tribunal no ha vacilado, en ocasión anterior, y vigentes las Reglas de Procedimiento Civil de 1979, en atender normativamente asuntos relacionados con el efecto de notificar los dictámenes judiciales mediante el formulario administrativo incorrecto. Río Const. v. Mun. de Caguas, *supra.* En Dávila Pollock *et als.* v. R. F. Mortgage, *supra*, precisamos que cuando se trata de una resolución u orden sobre una moción de determinaciones de hechos y conclusiones de derecho adicionales, que dispone finalmente del asunto presentado ante el tribunal, debe notificarse en el formulario creado para ello, es decir, el Formulario OAT-687. Íd., pág. 96. Ello, pues éste advierte a la parte su derecho a acudir ante el tribunal de mayor jerarquía. Posteriormente, interpretamos que esa norma aplica de igual forma cuando se resuelve una moción

de reconsideración, por lo que el dictamen en cuanto a ésta debe ser notificado en el Formulario OAT-082. <u>Plan de Salud Unión v. Seaboard Sur. Co.</u>, *supra*, págs. 723-724.

Empero, y aunque este Tribunal advirtió que la norma pautada acerca de utilizar el formulario incorrecto para notificar una resolución que reinicia el término para apelar "aplica por igual a los casos tramitados según las Reglas de Procedimiento Civil de 2009", <u>Íd.</u>, pág. 719, nos corresponde elucidar cuál es el formulario adecuado para disponer de una moción de determinaciones de hechos y conclusiones de derecho adicionales y una moción de reconsideración presentadas conjuntamente. Esta situación ha causado un sinnúmero de dictámenes ante el Tribunal de Apelaciones y ha provocado la confusión de las partes, y la erogación de sus fondos para intentar hacer valer sus derechos.

### III

Las Reglas de Procedimiento Civil de 2009 introdujeron un cambio sustancial con relación a los recursos postsentencia que interrumpen los términos para apelar. En concreto, la Regla 43.1 de Procedimiento Civil de 2009 estableció que "si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, **éstas deberán presentarse en un solo escrito y el tribunal**

**resolverá de igual manera**". 32 LPRA Ap. V, R. 43.1. (Énfasis suplido).

Al examinar el Informe de las Reglas de Procedimiento Civil, resalta la razón para el cambio procesal al expresarse lo siguiente:

> El Comité enmendó la regla para aclarar que **si una parte desea presentar una solicitud al amparo de esta regla, y también interesa presentar una moción de reconsideración o de nuevo juicio deberá presentarlas en un solo escrito.** Este cambio se realiza a los fines de evitar que las partes presenten escritos separadamente con miras a, entre otros motivos, suspender los términos. **La regla también dispone que el tribunal deberá resolver de la misma forma, es decir, deberá emitir una sola resolución resolviendo todas las cuestiones presentadas, de modo que empiece a transcurrir un único nuevo término.** Véase, <u>Informe de Reglas de Procedimiento Civil</u>, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de Conferencia Judicial y Notarial, 2007, pág. 524. (Énfasis suplido).

De lo expuesto, destaca que tanto la presentación de las mociones con efecto interruptor del plazo para acudir en alzada como las determinaciones en cuanto a éstas deben hacerse simultáneamente. Con ello, se salvaguardan las garantías procesales que tienen las partes y su derecho a un debido proceso de ley. Esa concomitancia promueve que todas las partes sean debidamente notificadas del término único en el cual podrán instar un recurso de revisión o apelación.

A pesar de la referida enmienda, y de los intentos de la Rama Judicial para proteger el derecho de las partes a cuestionar los dictámenes emitidos por los tribunales, evitar las desestimaciones de los recursos

presentados por éstas y propender un mayor acceso a la justicia, aún no se han atemperado los formularios de notificación utilizados por las Secretarías de los tribunales para atender aquellas situaciones en las cuales, por imperativo de la regla procesal, se deben presentar los remedios postsentencia en un solo escrito. Esto ha provocado la desestimación de un sinnúmero de recursos, la inconsistencia de dictámenes, numerosas notificaciones por parte del foro de primera instancia, y el dispendio de recursos económicos por las partes que acuden a nuestro sistema de justicia en busca de un remedio justo, económico y rápido.

La dicotomía forma-sustancia para atender las garantías de una adecuada notificación sencillamente constituyen una falacia. Ello, pues la correcta notificación de un dictamen constituye un asunto sustancial y no meramente formal que resulta trascendental para que comiencen a transcurrir los términos para que una parte pueda acudir en alzada. En la actualidad, no existe un formulario único que incorpore el dictamen emitido por el Tribunal de Primera Instancia cuando se presenta una moción de reconsideración y una solicitud de determinaciones de hechos iniciales o adicionales conjuntamente, según lo requiere la Regla 43.1 de las de Procedimiento Civil de 2009, *supra*. La ausencia de ese formulario ha causado confusión entre las partes, al no poder constatar si en efecto el foro

primario dispuso de la totalidad de los asuntos presentados, como ordena la Regla 43.1 de las de Procedimiento Civil de 2009, *supra*.[6] La adjudicación de una moción de reconsideración y de una solicitud de determinaciones de hechos iniciales o adicionales es de gran envergadura al debido proceso de ley, pues ésta incide en los términos que poseen las partes para acudir en alzada. A la luz del tracto descrito en este caso, no podemos presumir ni asumir que el tribunal actuó conforme dispone una regla procesal al atender el asunto ante su consideración. Debemos recordar que en un sinnúmero de ocasiones atendemos controversias relacionadas a que los foros de instancia no actuaron conforme las disposiciones procesales, las cuales requieren nuestra intervención. Ante tal realidad, no podemos tomar livianamente la función que cumplen los formularios creados por la Oficina de la Administración de los Tribunales. Máxime en aquellas ocasiones, como las del presente caso, en las cuales al examinar la determinación emitida por el foro recurrido sólo consta un mero "no ha lugar" sin salvedad alguna en cuanto a lo que el foro primario atendió que no sea la referencia que consta en el formulario empleado para la notificación del dictamen emitido.

---

[6] Incluso, hemos advertido de innumerables recursos en los cuales el Tribunal de Primera Instancia declara expresamente que provee no ha lugar a la moción de reconsideración, pero nada dispone sobre la moción de determinaciones de hechos adicionales o iniciales que fue presentada conjuntamente, o viceversa.

Tal desasosiego incrementa cuando, a su vez, también se remite el Formulario OAT-750 que se utiliza para la notificación de resoluciones y órdenes que no finalizan los asuntos ante la consideración del tribunal. En consecuencia, las partes no tienen la certeza de si existe o no algún asunto pendiente ante el Tribunal de Primera Instancia y cuándo procede acudir en alzada.

De otra parte, no podemos perder de perspectiva que aunque ambos formularios -el Formulario OAT-082 y el Formulario OAT-687- advierten el derecho de una parte perjudicada a presentar el recurso de apelación correspondiente, éstos están diseñados y señalan concretamente la moción que el Tribunal de Primera Instancia atiende. Igualmente, estos formularios fueron creados bajo el andamiaje de las antiguas reglas procesales que no requerían la presentación conjunta de este tipo de mociones, por lo que, como norma general, éstas eran presentadas separadamente. Como advertimos en Plan de Salud Unión v. Seaboard Sur. Co., *supra*, "el efecto de la utilización del formulario incorrecto para notificar una resolución que reinicia el término para apelar aplica por igual a los casos tramitados según las Reglas de Procedimiento Civil de 2009." Íd., pág. 719. Esto implica que ante la ausencia de la creación de un formulario adecuado que incorpore los cambios correspondientes al sistema para aquellas instancias en las que una parte presente en forma coetánea una moción

de reconsideración y una moción de determinaciones de hechos iniciales o adicionales, conforme dispone la Regla 43.1, *supra*, procede que se notifique **simultáneamente** el Formulario OAT-082, que atiende la moción de reconsideración presentada, **y** el Formulario OAT-687, que dispone sobre la moción de determinaciones de hechos iniciales o adicionales. El propósito y el mandato contenido en la Regla 43.1, *supra*, así lo requiere, con el fin de que exista un término único para instar un recurso de revisión o apelación en estas instancias.

IV

En el caso ante este Tribunal, los hechos demuestran que la parte presentó dos mociones en las que solicitó conjuntamente reconsideración y determinaciones de hechos iniciales o adicionales en cuanto a los dictámenes emitidos por el Tribunal de Primera Instancia. Al disponer de éstas, el foro primario notificó su determinación de "no ha lugar" mediante el Formulario OAT-082 para reconsideraciones y el Formulario OAT-750 para resoluciones y órdenes. Así las cosas, no existe una notificación ni referencia en cuanto a la disposición de la moción de determinaciones de hechos adicionales o iniciales presentada simultáneamente. Ésta debía ser notificada en el Formulario OAT-687 dispuesto para ello.

Como corolario, la señora Berríos Fernández desconocía, si en efecto, el Tribunal de Primera Instancia atendió o no la moción de determinaciones de

hechos iniciales o adicionales por ella presentada. Con el fin de elucidar sus dudas, solicitó al foro primario que atendiera las mociones presentadas. El Tribunal de Primera Instancia emitió la Resolución de 12 de mayo de 2015, en la cual aclaró que había determinado no ha lugar a las solicitudes y lo notificó en el Formulario OAT-082 cuando atendió la moción de reconsideración. Es de esta Resolución que la señora Berríos Fernández acudió ante el Tribunal de Apelaciones.

Al atender el recurso, el foro apelativo intermedio se percató de la falta de notificación de la disposición de las mociones sobre determinaciones iniciales o adicionales de hecho en el Formulario OAT-687, por lo que procedió a desestimar por prematuro el recurso instado y ordenó la notificación de esos dictámenes en el formulario correspondiente. No obstante, por no contar con el beneficio de un formulario único ni conocer lo pautado en esta Opinión, el Tribunal de Apelaciones no ordenó la notificación simultánea de ambos formularios: el Formulario OAT-082 y el Formulario OAT-687. Como hemos establecido, sólo debe existir un término único para poder instar un recurso de revisión.[7] Siendo ello así, lo

_____

[7] Tomamos conocimiento de la promulgación de la Orden Administrativa OAJP-2016-002 de 15 de agosto de 2016, decretada por la Jueza Presidenta Oronoz Rodríguez, mediante la cual implanta el módulo NET como proyecto piloto en el Centro Judicial de Carolina. El propósito primordial de la citada Orden Administrativa es maximizar el uso de los recursos tecnológicos para las notificaciones electrónicas. Además, se ha constituido un comité en la Oficina de Administración de los Tribunales

que procede es la notificación simultánea de ambas determinaciones: la relacionada con la moción de reconsideración en el Formulario OAT-082 y la de la moción de determinaciones de hechos iniciales o adicionales en el Formulario OAT-687.

En vista de lo anterior, aún no se ha notificado correctamente la disposición de las mociones presentadas por la señora Berríos Fernández ante el Tribunal de Primera Instancia. Por ende, procede que se ordene la notificación coetánea del Formulario OAT-082 -declarando no ha lugar las solicitudes de reconsideración- y el Formulario OAT-687 -disponiendo de las solicitudes de las mociones de determinaciones de hechos iniciales o adicionales- presentadas por la señora Berríos Fernández.

V

Por los fundamentos que anteceden, se expide el recurso de *certiorari* presentado ante nuestra consideración y se modifica la Sentencia emitida por el Tribunal de Apelaciones. A estos efectos, se ordena al Tribunal de Primera Instancia la notificación de los dictámenes emitidos con relación a las solicitudes presentadas por la señora Berríos Fernández. La decisión concerniente a las mociones de reconsideración debe ser

_____
para que trabaje en la elaboración de una efectiva solución a la ausencia de un formulario único. Empero, hasta que ello no sea permanente y uniformemente adoptado, este Tribunal tiene que adjudicar las controversias a base de las realidades que tiene ante sí, sin afectar los derechos de las partes.

CC-2015-689                                                18

notificada mediante el Formulario OAT-082 y las mociones de determinaciones de hechos adicionales en el Formulario OAT-687, **simultáneamente**. A partir de esa fecha, y conforme a lo aquí dispuesto, comenzarán a transcurrir los términos para acudir en alzada.


                              Luis F. Estrella Martínez
                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Myrna E. Berríos Fernández | | *Certiorari* |
| Recurrida | | |
| v. | Núm. CC-2015-689 | |
| Hiram Vázquez Botet | | |
| Peticionario | | |

SENTENCIA

San Juan, Puerto Rico, a 18 de agosto de 2016.

Se expide el recurso de *certiorari* presentado ante nuestra consideración y se modifica la Sentencia emitida por el Tribunal de Apelaciones. A estos efectos, se ordena al Tribunal de Primera Instancia la notificación de los dictámenes emitidos con relación a las solicitudes presentadas por la señora Berríos Fernández. La decisión concerniente a las mociones de reconsideración debe ser notificada mediante el Formulario OAT-082 y las mociones de determinaciones de hechos adicionales en el Formulario OAT-687, **simultáneamente**. A partir de esa fecha, y conforme a lo aquí dispuesto, comenzarán a transcurrir los términos para acudir en alzada.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez disiente con opinión escrita. La Juez Asociada señora Rodríguez Rodríguez disiente con opinión escrita. El Juez Asociado señor Colón Pérez disiente con opinión escrita, a la que se une la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Feliberti Cintrón.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Myrna E. Berríos Fernández

    Recurrida

        v.

Hiram Vázquez Botet

    Peticionario

CC-2015-0689     *Certiorari*


Opinión Disidente emitida por la Jueza Presidenta Oronoz Rodríguez


En San Juan, Puerto Rico, a 18 de agosto de 2016.

En más de una ocasión, este Tribunal ha enfrentado controversias relacionadas al uso incorrecto de los formularios de notificación de la Rama Judicial. Véanse Plan de Bienestar de Salud v. Seaboard Sur. Co., 182 DPR 714 (2011); Dávila Pollock v. R.F. Mortgage, 182 DPR 86 (2011). Particularmente, hemos tenido que evaluar qué impacto, si alguno, tiene la utilización de estos formularios sobre la notificación correcta de los dictámenes judiciales y en torno al cómputo del término para recurrir de éstos.

Hoy, atendemos nuevamente una controversia de tal naturaleza, esta vez en el contexto de las

solicitudes de determinaciones de hechos adicionales y de reconsideración que, al amparo de la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 43.1, son presentadas conjuntamente.[8] Es decir, el caso de autos nos exige dirimir cómo se debe notificar una determinación judicial que resuelve solicitudes de reconsideración y de determinaciones de hechos adicionales presentadas en un mismo escrito.

Al abordar esta controversia, la Opinión mayoritaria hace énfasis en el uso de los formularios de notificación. Concluye así que, con tal de notificar correctamente determinaciones como la que nos ocupan, los tribunales tienen que utilizar simultáneamente dos formularios: el OAT-082, que atiende las mociones de reconsideración, y el OAT-687, que se refiere a las mociones de determinaciones de hechos iniciales o adicionales. Lo anterior es una complicación de nuestro ordenamiento procesal civil motivada por un simple formalismo. Véase G. Brau Ramírez, Derecho Procesal Civil, 81 Rev. Jur. UPR 583, 584 (2012).

Por entender que este análisis toma como punto de partida una concepción errada sobre lo que constituye una notificación correcta, no puedo avalar el proceder mayoritario en este caso. Considero, en cambio, que a la

---

[8] Según reseña la Opinión mayoritaria, la Regla 43.1 de Procedimiento Civil exige que las partes que interesen solicitar determinaciones de hechos adicionales y reconsideración del dictamen del tribunal, entre otras, presenten ambos asuntos en un solo

hora de determinar si una notificación como la de autos es adecuada, es preciso evaluar su contenido, no el formulario utilizado para instrumentarla. Como mínimo, toda notificación debe comunicar a las partes qué atendió el tribunal y cuál es su determinación al respecto.[9] En el contexto de solicitudes conjuntas de reconsideración y de determinaciones de hechos adicionales, lo determinante es que de la notificación se desprenda razonablemente que el tribunal atendió ambos asuntos y cómo los resolvió. Si tales parámetros mínimos están ausentes, las partes no quedan debidamente avisadas sobre lo resuelto y la notificación es inadecuada. *Reitero, pues, que es la suficiencia del contenido, no el uso correcto de un formulario, lo que confiere validez a una notificación.*

Cónsono con lo anterior, ante solicitudes como la de autos, considero que el tribunal cumple con los rigores aplicables a una adecuada notificación si, por ejemplo, expresa lo siguiente: "Vista la *Moción solicitando determinaciones de hechos adicionales y moción de reconsideración* presentada por la parte peticionaria, se declara la misma no ha lugar". Esto, aunque utilice el formulario OAT-082, diseñado para notificar la determinación del tribunal sobre una moción de reconsideración. Es razonable esperar que, al leer un

_____
escrito. 32 LPRA Ap. V, R. 43.1. Conforme a la regla, el tribunal también deberá resolver ambos asuntos simultáneamente. Íd.
[9] Ello, claro está, unido a elementos tales como un apercibimiento del derecho que tiene la parte de apelar, entre otros. No obstante,

lenguaje como éste, las partes entiendan que el tribunal atendió y denegó los dos asuntos que le fueron planteados.

Ahora bien, el escenario del presente caso dista mucho de ese ejemplo. Las resoluciones recurridas únicamente hacen alusión a la solicitud de reconsideración presentada por la Sra. Myrna Berríos Fernández. En particular, éstas disponen lo siguiente: "Certifico que en relación con Moción solic [sic.] reconsideración. . . el Tribunal dictó la orden que se transcribe a continuación: No Ha Lugar". Nótese que la citada expresión no hace alusión a la solicitud de determinaciones adicionales de hechos. Como cuestión de hecho, ni siquiera hace referencia al título de las mociones presentadas.[10]

Es por ello que difiero también de las opiniones disidentes emitidas en este caso. *Distinto a lo allí expresado, aquí se nos plantea un problema de sustancia, no de forma*. El contenido de las notificaciones es sumamente confuso y no permite concluir que el tribunal atendió *los dos asuntos* que le fueron planteados en la misma moción. Ello incluso cuando las Reglas de Procedimiento Civil exigen que ambas peticiones se

---

obsérvese que en este caso tal apercibimiento está presente en las notificaciones controvertidas.

[10] Las mociones presentadas se titulan *Moción solicitando determinaciones de hechos adicionales y moción de reconsideración* sobre alimentos *pendente lite* y sobre la causal de divorcio, respectivamente.

notifiquen simultáneamente.[11] Ante una notificación tan escueta, es más que razonable que las partes se confundieran y tuviesen dudas legítimas sobre lo resuelto. En particular, sobre asuntos trascendentales tales como si el foro de instancia denegó también su solicitud de determinaciones de hechos adicionales y si su término para revisar las resoluciones en cuestión comenzó a transcurrir.

Ante ese panorama, no procede penalizar a la parte afectada por una notificación deficiente como la de autos. Por el contrario, creo firmemente que al enfrentar errores en la notificación de dictámenes, "la balanza debe inclinarse hacia no perjudicar a las partes adversamente afectadas por dictámenes notificados de esta manera". L.J. Torres Asencio y J.M. Viggiano, Derecho Procesal Apelativo, 82 Rev. Jur. UPR 345, 361 (2013). Después de todo, el error cometido -y la confusión que éste pudiese producir- es imputable exclusivamente al propio tribunal, por lo que me parece inaceptable afectar los derechos y el debido proceso de ley de las partes.

En vista de que las notificaciones cursadas a las partes en este caso fueron insuficientes, ordenaría al foro de instancia notificar nuevamente las resoluciones

---

[11] Estimo que no podemos descansar únicamente en el texto de la Regla 43.1 de Procedimiento Civil, supra, para presumir que las partes han entendido que el juez o la jueza atendió ambos asuntos. Máxime si la

recurridas con tal de cumplir con los parámetros mínimos a los que he hecho referencia.

Aclarado lo anterior, debo señalar que reconozco que el sistema de volantes de la Rama Judicial -que pretendía simplificar y uniformar el trámite de los procesos de notificación- en ocasiones es problemático. Véanse L.J. Torres Asencio y J.M. Viggiano, op. cit.; G. Brau Ramírez, op. cit. Soy consciente también de la confusión que el uso de los distintos formularios genera en nuestro ordenamiento procesal y apelativo. Ello, tanto a nivel interno como externo.

Es por eso que, tras asumir la presidencia del Tribunal Supremo ordené la creación de un grupo de trabajo cuya principal misión es atender las problemáticas relacionadas al sistema de formularios de la Rama Judicial. Esto, con miras a estudiar la conveniencia de diseñar un sistema uniforme de notificaciones que simplifique el esquema actual, comunique adecuadamente a las partes los asuntos que el tribunal resolvió y les aperciba, cuando así proceda, de su derecho a apelarlos. De esta forma, no sólo atendemos el problema que nos ocupa, sino que también adaptamos el sistema de notificaciones a las innovaciones tecnológicas que ya están encaminadas para la Rama

_____
propia notificación cursada sólo hace referencia a una de las solicitudes.

Judicial.[12] Véase, por ejemplo, *Implementación del módulo para la Notificación Electrónica en los Tribunales (NET) a los(as) abogados(as) mediante los correos electrónicos registrados en el RUA,* OAJP-2016-002.

La encomienda que hiciera a este grupo de trabajo está sumamente adelantada y próximamente estaremos implementando un sistema que unificará y simplificará las notificaciones y que atenderá de forma más efectiva las necesidades de las partes que acuden ante nuestro sistema judicial.

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[12] Más aun, la implementación de un formulario uniforme significará una reducción en los costos implicados en la re-notificación de dictámenes instrumentados mediante el formulario incorrecto. Ello, tanto para la Rama Judicial, que tiene que invertir en papel, sellos y recursos humanos, entre otros, como para las partes, que se ven obligadas a, por ejemplo, radicar mociones y presentar más de un recurso apelativo ante la incertidumbre de si la notificación cursada fue adecuada.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Myrna E. Berríos Fernández<br><br>Recurrida<br><br>v.<br><br>Hiram Vázquez Botet<br><br>Peticionario | **Núm.** CC-2015-689 | |

Opinión disidente emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 18 de agosto de 2016

Nuestro derecho procesal civil está predicado en la consecución de soluciones justas, rápidas y económicas. 32 L.P.R.A. Ap. V R. 1. La debida notificación de sentencias, órdenes y resoluciones que disponen finalmente de una controversia es un componente esencial de dicho quehacer procesal. Por ello, las Reglas de Procedimiento Civil proveen guías claras que regulan el trámite de notificación y garantizan de forma efectiva el uso de los correspondientes remedios post dictamen. Véase, por ejemplo, 32 L.P.R.A. Ap. V R. 46, R. 52.2, R. 65.3 y R. 67.1.

La Rama Judicial desarrolló una serie de formularios que son empleados para efectuar la notificación de diversos dictámenes judiciales. A pesar de que el propósito de estos formularios debe ser simplificar los procesos administrativos y facilitar la comprensión de los mismos,

este Tribunal ha tenido que enfrentarse, en varias ocasiones, a controversias relacionadas con el uso de éstos. Véase *Dávila Pollock v. R.F. Mortgage*, 182 D.P.R. 86 (2011); *Plan Salud Unión v. Seabord Sur. Co.*, 182 D.P.R. 714 (2001).

Al disponer de las referidas controversias, una mayoría de este Tribunal le confirió a estos formularios una desproporcional importancia. Con tal proceder, la finalidad y efectividad de las sentencias, órdenes y resoluciones que disponen finalmente de una controversia, al igual que el uso de los remedios post dictamen que sean aplicables, quedan supeditadas a la corrección del formulario utilizado para notificarlas. Por ello, en *Plan Salud Unión* disentí del proceder mayoritario haciéndome eco de las expresiones del entonces Juez Presidente señor Hernández Denton, quien en *Dávila Pollock* criticó la decisión de este Tribunal porque tendía a "favorecer la forma sobre la sustancia con miras a relajar los requisitos de competencia y diligencia que deben regir la representación legal y nuestro ordenamiento procesal". *Dávila Pollock*, 182 D.P.R. en la pág. 101 (Hernández Denton, Opinión Disidente).

El hecho de que estemos atendiendo, una vez más, una controversia referente a estos formularios deja de manifiesto las trabas procesales e interrogantes que éstos suscitan. Véase Luis José Torres Asencio y José María Viggiano, *Derecho Procesal Apelativo*, 82 Rev. Jur. U.P.R.

345, 350, 362-363 (2013); German Brau Ramírez, *Derecho Procesal Civil*, 81 Rev. Jur. U.P.R. 583, 594 (2012). Desafortunadamente, este Tribunal opta por resolver la controversia imponiendo requisitos de forma adicionales que sólo propenden a aumentar la burocracia administrativa en nuestros tribunales. Sin duda, "[e]ste es un paso de retroceso histórico, cuando la trayectoria moderna lo que persigue es la simplificación de los procesos y el abandono de los tecnicismos. El formulario, que se origina como una herramienta para asistir el trámite de la Secretaría del Tribunal, pasa a ocupar un papel protagónico". German Brau Ramírez, *supra*, en la pág. 588. Por considerar que la decisión que hoy nos ocupa es contraria a los postulados que guían los trámites administrativos al amparo de nuestro derecho procesal civil, disiento.


                                        Anabelle Rodríguez Rodríguez
                                              Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Myrna E. Berríos Fernández

    Recurrida

    v.                    Núm. CC-2015-689      Certiorari

Hiram Vázquez Botet

    Peticionario


Opinión Disidente emitida por el Juez Asociado SEÑOR COLÓN PÉREZ a la cual se unen la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ y el Juez Asociado SEÑOR FELIBERTI CINTRÓN.

    En San Juan, Puerto Rico a 18 de agosto de 2016.

    Como es sabido, las Reglas de Procedimiento Civil de 2009 tienen como propósito "*[e]stablecer mecanismos que faciliten que los casos y las controversias se tramiten de una forma más ágil y eficiente, evitando así la dilación de los procedimientos de naturaleza civil y los altos costos que han caracterizado al ordenamiento procesal vigente.*" *In re Aprobación Rs. Proc. Civil, 176 D.P.R. 673, 674 (2009).*

    En lo pertinente a la controversia que nos ocupa, la Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V. R. 43.1, dispone que si una parte desea presentar una solicitud de determinaciones de hechos iniciales o adicionales o conclusiones de

derecho iniciales y también interesa presentar una moción de reconsideración o de nuevo juicio, deberá hacerlo mediante la presentación de un solo escrito. La Regla 43.1 de Procedimiento Civil, *supra*, también dispone que el tribunal deberá resolver de la misma forma. **El propósito de esta regla es claro: evitar que en un mismo caso existan varios términos para recurrir en apelación.**

Como bien señala la Opinión Mayoritaria, así se recogió en el Informe de Reglas de Procedimiento Civil, el cual en lo referente al asunto que nos ocupa dispone:

> **El Comité enmendó la regla para aclarar que si una parte desea presentar una solicitud al amparo de esta regla, y también interesa presentar una moción de reconsideración o de nuevo juicio deberá presentarlas en un solo escrito.** Este cambio se realiza a los fines de evitar que las partes presenten escritos separadamente con miras a, entre otros motivos, suspender los términos. **La regla también dispone que el tribunal deberá resolver de la misma forma, es decir, deberá emitir una sola resolución resolviendo todas las cuestiones presentadas, de modo que empiece a transcurrir un único nuevo término.** Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de las Reglas de Procedimiento Civil, Secretariado de Conferencia Judicial y Notarial, 2007, pág. 524. [Énfasis suplido]

De otra parte, sabido es que una vez se notifica una sentencia o resolución del Tribunal, la Regla 52.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 52.2, claramente establece el término jurisdiccional de treinta (30) días con el que cuentan las partes para revisar las sentencias y/o resoluciones dictadas en casos civiles.

Cónsono con lo anterior, -- y de forma paralela a lo dispuesto en las Reglas de Procedimiento Civil --, en su función de auxiliar a los jueces y juezas en el desempeño de sus funciones, y de desarrollar un sistema administrativo que sirva de apoyo a la labor judicial y permita acelerar los procesos judiciales, la Oficina de Administración de los Tribunales (en adelante O.A.T.) ha creado formularios para uniformar las notificaciones que emiten los tribunales. Así por ejemplo, y de particular importancia para atender los planteamientos ante nuestra consideración, se encuentran los formularios OAT-082 (para la notificación del archivo en autos de copia de la resolución de una moción de reconsideración), OAT-687 (para la notificación del archivo en autos de copia de la resolución de una moción de determinaciones de hechos adicionales) y OAT-750 (para la notificación de órdenes y resoluciones del Tribunal). Algunos de estos formularios contienen un apercibimiento sobre el derecho que -- conforme a las Reglas de Procedimiento Civil -- disponen las partes para poder recurrir en apelación o *certiorari*, ello en aras de reiterarle que estos pueden  recurrir de las sentencias y/o resoluciones finales dictadas por el foro de primera instancia.

**Todos estos documentos auxiliares, si bien asisten al juez o jueza, así como a los demás funcionarios del Tribunal, en el proceso de administración de la justicia, particularmente en lo relacionado a la notificación de los**

**documentos judiciales y en los términos para ir en alzada, por si solos <u>no</u> sustituyen -- ni sustantiva, ni procesalmente -- lo dispuesto en la Reglas de Procedimiento Civil.** Recordemos que son las Reglas de Procedimiento Civil el cuerpo legal que rige todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 1.

Ahora bien, no empecé a lo anterior, y en detrimento a lo expuestos en la Reglas 43.1 y 52.2 de Procedimiento Civil, supra, en el caso de epígrafe, una mayoría de este Tribunal, ha optado -- nuevamente -- por favorecer la forma sobre lo sustancia. Nos explicamos.

II.

En el presente caso, el Tribunal de Primera Instancia emitió dos dictámenes que ponían fin a un pleito de divorcio y otro de pensión de alimentos *pendente lite,* entre las partes. Oportunamente, la recurrida presentó dos mociones, la primera titulada *"Moción Solicitando Determinaciones De Hechos Adicionales Y Moción De Reconsideración Sobre La Causal De Divorcio"* y la segunda, una *"Moción Solicitando Determinaciones De Hechos Adicionales Y Moción De Reconsideración Sobre Alimentos Pendente Lite."* Dentro del término que se tenía para ello, el tribunal sentenciador emitió dos resoluciones que declaraban "no ha lugar" ambas mociones. Para la notificación de las resoluciones, el Tribunal de Primera

Instancia -- de conformidad con la Regla 43.1 de Procedimiento Civil que exige la notificación en un solo documento -- utilizó el formulario OAT-082. Una vez recibió las referidas notificaciones, la recurrida presentó una moción en la que solicitaba al Tribunal de Primera Instancia que emitiera su decisión respecto a las solicitudes de determinaciones de hechos adicionales, pues entendía que dicho foro sólo dispuso de las mociones de reconsideración, ya que no utilizó el formulario OAT-687 titulado "*Notificación de Archivo en Autos de la Resolución de Determinaciones de Hechos Iniciales o Adicionales*". A tales efectos, el Tribunal de Primera Instancia, a nuestro juicio de manera correcta, emitió una resolución en la que dispuso lo siguiente:

> "Nada que disponer. El día 25 de marzo de 2015 este Tribunal determinó, **en un solo escrito conforme a la Regla 43.1 de Procedimiento Civil**, NO HA LUGAR la moción titulada "Moción solicitando Determinaciones de Hechos Adicionales y Moción de Reconsideración sobre Causal de Divorcio", determinación que fue notificada el día 6 de abril de 2015 mediante el formulario OAT 082. Así mismo, el día 25 de marzo de 2015 este Tribunal determinó NO HA LUGAR [a] la "Moción solicitando Determinaciones de Hechos Adicionales y Moción de Reconsideración sobre Alimentos Pendente Lite" la cual fue notificada el día 6 de abril de 2015 mediante formulario OAT 082." [Énfasis súplido].

No empece al correcto proceder del Juez del Tribunal de Primera Instancia, tanto el foro apelativo intermedio, como una mayoría de este Tribunal, favoreciendo la forma y obviando la sustancia, entienden que, por no haberse utilizado el formulario OAT-687, no se notificó

adecuadamente y, en consecuencia, ordenó al Tribunal de Primera Instancia que realizara una nueva notificación para las mociones de reconsideración y una nueva notificación sobre las mociones de determinaciones de hechos adicionales en el referido formulario OAT-687. No estamos de acuerdo con ese proceder.

Las resoluciones emitidas por el Tribunal de Primera Instancia se hicieron a tenor con la Regla 43.1 de Procedimiento Civil, *supra*, que requiere que en un solo escrito se disponga de ambas peticiones: la moción de reconsideración y la moción de determinaciones de hechos iniciales o adicionales. La recurrida presentó una sola moción con ambos asuntos a tenor con Regla 43.1 de Procedimiento Civil, *supra*, y de igual forma el foro de instancia correctamente resolvió, en un solo escrito. **En dicho documento se le advertía a las partes de su derecho a ir en alzada, custodiándose de esta forma su derecho a un debido proceso de ley**. A partir de ese momento, comenzaron a decursar los términos que la recurrida tenía para ir en alzada.

No estamos ante la situación enfrentada por este Tribunal en el caso *Dávila Pollock, et als. v. R.F. Mortgage*, 182 D.P.R. 86 (2011) (la notificación del Tribunal de Primera Instancia no le advertía a las partes de su derecho a apelar). Tampoco estamos ante las controversias atendidas en *Plan Salud Unión v. Seaboard Sur. Co.*, 182 D.P.R. 714 (2011) (este Tribunal valida una

segunda notificación -- y no la primera -- que precisamente le advertía a las partes de su derecho a ir en alzada). En el presente caso hubo una efectiva notificación a la partes.

El hecho de que el Tribunal de Primera Instancia haya notificado en un solo documento (donde le advertía a las partes de su derecho a ir en alzada), **y no en dos**, no constituye una notificación defectuosa. Nada impedía, pues, que comenzaran a decursar los términos que proveen las Reglas de Procedimiento Civil para revisar las sentencias y/o resoluciones emitidas en el presente caso.

Como bien señala la Juez Asociada señora Rodríguez Rodríguez en su Opinión Disidente, citando lo expresado hace cinco (5) años por el entonces Juez Presidente de este Tribunal señor Hernández Denton en su Opinión Disidente en *Dávila Pollock, et als.*, *supra:* "*permitir que un abogado aproveche una segunda notificación… -en la cual el Tribunal de Primera Instancia sólo varió el formulario utilizado- es favorecer la forma sobre la sustancia con miras a relajar los requisitos de competencia y diligencia que deben regir la representación legal y nuestro ordenamiento procesal*". *Dávila Pollock, et als. v. R.F Mortgage*, *supra*, en la pág.100.

III.

Contrario a lo resuelto por una mayoría de este Tribunal, que ordena que se emitan dos notificaciones por separado para cada moción y por lo tanto comience a

transcurrir nuevamente el término para solicitar la revisión de los dictámenes emitidos en el presente caso, el suscribiente hubiese dado como correctas las notificaciones realizadas por el Tribunal de Primera Instancia. **Exigir a los tribunales que emitan dos resoluciones distintas ante una sola moción -- lo que conllevaría en este caso cuatro notificaciones distintas -- va en total contravención con el propósito de la Regla 43.1 de Procedimiento Civil, a saber, evitar confusión en cuanto al término para apelar.**

En vista de lo anterior, disentimos del proceder de una mayoría de este Tribunal en el día de hoy.


                                        Ángel Colón Pérez
                                        Juez Asociado