Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ROCK SOLID TECHNOLOGIES, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL GOBIERNO MUNICIPAL AUTÓNOMO DE CAROLINA Y OTROS<br><br>Recurridos | TA2026RA00100 | *Revisión* procedente de la Junta de Subastas del Gobierno Municipal Autónomo de Carolina<br><br>Caso Núm.:<br><br><br>Sobre: Revisión de Adjudicación RFQ 03/2025-2026 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2026.

Comparece Rock Solid Technologies, Inc. (en adelante, Rock Solid o recurrente) mediante un recurso de revisión para solicitarnos la revisión de la *Determinación de adjudicación* emitida y notificada el 27 de febrero de 2026, por la Junta de Subastas del Gobierno Municipal Autónomo de Carolina (Junta de Subastas).[1]

Por los fundamentos que expondremos, se *desestima* el recurso por falta de jurisdicción.

I

De los autos ante nuestra consideración se desprende que, el 8 de octubre de 2025, la Junta de Subastas publicó un Aviso de solicitud de cualificaciones, propuesta con el número RFQ 03/2025-2026, en el periódico El Vocero.[2] Las compañías que presentaron sus propuestas fueron las siguientes: (i) Online Market Research Inc.; (ii) Rock Solid; Knowledge Power Group Inc.; (iii) C2S

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA) a la Entrada Núm.1, Apéndice 2, págs. 1-5.
[2] *Íd.*, págs. 1-5.

Consulting LLC; (iv) Geographic Mapping Technologies; (v) Digiway PR LLC, y (vi) Abexus LLC.[3]

Luego de varias incidencias relacionadas al antedicho trámite, el 27 de febrero de 2026, la Junta de Subastas emitió y notificó la *Determinación de adjudicación*, que constituye la determinación recurrida.[4] Como resultado de lo anterior, la Junta de Subastas adjudicó la buena pro a Online Market Research, Inc.

Como parte de la determinación recurrida, la Junta de Subastas emitió las siguientes advertencias:

> Cualquier parte afectada por la adjudicación de RFQ o por una decisión final de la Junta de Subastas, podrá solicitar su revisión judicial ante el Tribunal de Apelaciones, dentro del término jurisdiccional de diez (10) días contados a partir de la fecha del depósito en el correo de la presente notificación, conforme se dispone en el Artículo 1.050 del Código Municipal de Puerto Rico.

> Toda documentación relacionada con la subasta queda disponible para revisión en los archivos en la Oficina de Subastas, previa comunicación por escrito, a partir de la fecha de esta comunicación.

> Notificada, archivada y depositada en el correo, hoy 27 de febrero de 2026, fecha en la que comienza el término de 10 días para solicitar la revisión judicial.[5]

Posteriormente, el 9 de marzo de 2026, ocurrieron dos (2) eventos procesales. Uno de ellos fue que Rock Solid presentó una *Urgente solicitud de reconsideración y de paralización de procedimientos* ante la Junta de Subastas.[6] El otro evento fue que compareció ante esta Curia mediante un *Recurso de revisión de adjudicación de Junta de subastas municipal.*

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones este Tribunal tiene "la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[7] En

---

[3] SUMAC TA a la Entrada Núm. 1, Apéndice 2, pág. 2.
[4] *Íd.*, págs. 1-5.
[5] *Íd.*, pág. 4.
[6] *Íd.*, Apéndice 3, págs. 6-33.
[7] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

II

**A. La Falta de jurisdicción por prematuro**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[8] Los tribunales adquieren jurisdicción por virtud de ley, por lo cual no pueden arrogársela, ni las partes pueden otorgársela.[9] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[10] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[11] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[12] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[13] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[14] Es decir, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por tanto, inexistente.[15]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial

---

[8] *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018).

[9] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[10] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[11] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[12] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).

[13] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[14] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[15] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

emitir opiniones consultivas.[16] Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia, o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[17] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva, y (v) cuando se pretende promover un pleito que no está maduro.[18]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[19] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[20] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[21]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[22] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[16] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.
[17] *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010).
[18] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).
[19] *Torres Martínez v. Torres Ghiglioty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[20] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.
[21] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.
[22] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 110.

### B. El Reglamento de Subastas del Gobierno Municipal Autónomo de Carolina

El Reglamento de Subastas del Gobierno Municipal Autónomo de Carolina (Reglamento de Subastas de Carolina) se aprobó "[a] los fines de incorporar en un solo documento todo lo relativo a la adquisición, desarrollo de obras o proyectos y para garantizar la requerida transparencia y adecuada competencia en todos los procesos de subasta que redundan en beneficio para el Municipio [. . .]".[23]

En lo pertinente al caso de marras, precisa destacar que el Artículo XV (B) (5) es claro en que la notificación de la adjudicación deberá contener, entre otras cosas, la "disponibilidad de recursos de reconsideración y de revisión judicial".[24] Lo anterior, se vuelve a reafirmar en el inciso (C) del referido articulado, disponiendo que "[la] notificación deberá incluir una advertencia a los efectos de que cualquier licitador que no esté de acuerdo con la adjudicación, tiene derecho a solicitar una reconsideración ante la Junta de Subastas dentro del término improrrogable de cinco (5) días a partir de la fecha de archivo en autos de la comunicación".[25]

Respecto a la reconsideración el aludido reglamento es enfático en la solicitud de reconsideración es una condición obligatoria para solicitar revisión judicial.[26] Siendo así, la parte que interese presentar un recurso apelativo deberá "presentar una solicitud de reconsideración ante la Junta de Subastas, dentro del término de cinco (5) días a partir de la fecha de archivo en autos de la notificación de la adjudicación o acuerdo final".[27]

---

[23] Justificaciones del Reglamento de Subastas de Carolina del 26 de agosto de 2024, aprobado mediante la Ordenanza 11, Serie 2014-2015-12.
[24] *Íd.*, Artículo XV (B) (5).
[25] *Íd.*, Artículo XV (C).
[26] *Íd.*, Artículo XVI (B).
[27] *Íd.*, Artículo XVI (A).

### C. La Notificación Adecuada

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[28] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos,[29] garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía procesal funciona de dos (2) vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo".[30] Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: (i) notificación adecuada del proceso; (ii) proceso ante un juez imparcial; (iii) oportunidad de ser oído; (iv) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (v) asistencia de abogado, y (vi) que la decisión se base en la evidencia presentada y admitida en el juicio.[31] A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo.[32]

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal.[33] Sobre este particular, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso.[34] Por ello, al no notificarse adecuadamente alguna

---

[28] CONST. PR, Art. II, Sec. 7.
[29] CONST. EE. UU., Emda. V y XIV.
[30] *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987).
[31] *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, a la pág. 889.
[32] *Rivera Santiago v. Srio. de Hacienda*,119 DPR 265, 274 (1987).
[33] *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010).
[34] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).

resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[35]

III

Como cuestión de umbral, este Tribunal tiene la ineludible tarea de auscultar su jurisdicción para entender en los recursos que son presentados ante nuestra consideración. Esto, dado a que, si un tribunal carece de jurisdicción, no puede hacer más que así declararlo y desestimar la reclamación sin entrar en sus méritos.[36]

Tras revisar detenidamente la determinación recurrida pudimos constatar que, como parte de las advertencias, la Junta de Subastas advirtió a las partes sobre su derecho a acudir ante este Tribunal de Apelaciones en el término de diez (10) días contados a partir de la notificación de la *Determinación de adjudicación.* Empero, falló al no incluir como parte de sus advertencias, sobre el derecho de las partes a presentar una solicitud de reconsideración ante la Junta de Subastas, paso que es inescapable para acudir en revisión judicial.

Según expusimos en nuestra exposición doctrinal previa, el Reglamento de Subastas de Carolina es enfático en que la reconsideración es obligatoria para solicitar revisión judicial.[37] A tenor, este cuerpo normativo exige que la notificación de la adjudicación incluya "una advertencia a los efectos de que cualquier licitador que no esté de acuerdo con la adjudicación, tiene derecho a solicitar una reconsideración ante la Junta de Subastas dentro del término improrrogable de cinco (5) días a partir de la fecha de archivo en autos de la comunicación".[38] Conforme adelantamos, la notificación de adjudicación ante nuestra consideración nada contenía respecto al derecho de observar reconsideración. Sabido es

---

[35] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).
[36] *R&B Power, Inc. v. Junta de Subasta ASG, supra,* a la pág. 698.
[37] Artículo XVI (B) del Reglamento de Subastas de Carolina, *supra.*
[38] *Íd.,* Artículo XV (C)

que cuando no se notifica adecuadamente una resolución, esta no surte efecto y los términos no comienzan a transcurrir.[39]

Por lo antes expuesto, forzosamente concluimos que la única vía en el presente caso es la desestimación, dado a que el recurso fue presentado de forma prematura. Ahora bien, lo anterior en nada impide que una vez la Junta de Subastas notifique adecuadamente su determinación, con las correspondientes advertencias, la parte que así lo entienda pueda solicitar los remedios que estime pertinentes.

IV

Por los fundamentos que anteceden, se *desestima* el recurso incoado por falta de jurisdicción, tras haberse presentado de forma prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[39] *Bco. Popular v. Andino Solís,* supra, a la pág. 183.