Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| SUCESIÓN JOSÉ PADRÓN PADRÓN; PAUL AQUILINA PADRÓN; MARÍA PADRÓN ORTIZ<br><br>Demandante Apelante<br><br><br>v.<br><br><br>BRENDA L. MÁRQUEZ MULERO; MYRNA GONZÁLEZ GARCÍA<br><br>Demandado Apelado | KLAN202401025 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br><br>Caso Núm.: FA2024CV00440<br><br><br>Sobre: Acción Confesoria o Denegatoria de Servidumbre |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparecen la Sucesión José Padrón Padrón, el señor Paul Aquilina Padrón y la señora María Padrón Ortiz (conjuntamente "apelantes") mediante recurso de apelación y solicitan que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala de Fajardo, emitida el 19 de septiembre de 2024. En dicho dictamen, se desestimó una segunda demanda con perjuicio por faltar partes indispensables. Por los fundamentos que expresaremos, desestimamos el recurso por falta de jurisdicción, al tratarse de uno prematuro.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101

Número Identificador

SEN2024 _____

(2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Ahora bien, una parte adversamente afectada por la determinación del Tribunal de Primera Instancia podrá presentar una moción para hacer determinaciones de hechos adicionales o de reconsideración. Véase Reglas 43.1 & 47 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *Berríos Fernández v. Vázquez Botet*, 196 DPR 245 (2016). Si una parte quiere solicitar enmiendas o determinaciones iniciales o adicionales y reconsideración, estas deberán presentarse en un solo escrito y el foro primario resolverá de igual manera; es decir, el Tribunal de Primera Instancia deberá emitir un solo dictamen en la cual resuelva todas las cuestiones presentadas. Regla 43.1 de Procedimiento Civil, *supra*. Véase, también, Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2008, pág.

521. De esta manera, (1) el Tribunal de Primera Instancia queda satisfecho de que atendió cabalmente todas las controversias; y (2) las partes y los foros apelativos estarán informados de todos los cimientos de la decisión del foro primario. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1 (2014) (citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2.ª ed., San Juan, Publicaciones JTS, 2011, T. IV, págs. 1261-1262).

No obstante, las mociones antes referidas deberán presentarse dentro de los quince (15) días después de la notificación de la sentencia del foro primario. Reglas 43.1 & 47 de Procedimiento Civil, *supra*. Al presentarse las solicitudes en un solo escrito, esta interrumpirá el término estricto de treinta (30) días al foro apelativo. Íd. Véase, también, Regla 52.2 de Procedimiento Civil, *supra*.

En el presente caso, los apelantes recurrieron ante este Tribunal prematuramente. Del expediente se desprende que los apelantes presentaron una *Moción Solicitando Reconsideración, Enmiendas o Determinaciones de Hecho Adicionales al Amparo de la Regla 47 y Regla 43.1 de Procedimiento Civil y Solicitando Vista Evidenciaria*, a la cual el foro primario resolvió no ha lugar la solicitud de reconsideración, pero dejó de resolver la moción de enmiendas o determinaciones de hecho adicionales y de vista evidenciaria. Por tanto, los procedimientos continúan pendientes de resolución ante el foro primario y, en efecto, este Tribunal carece de jurisdicción para evaluar la controversia en sus méritos.

Por los fundamentos anteriormente expuestos, desestimamos el recurso por falta de jurisdicción, a causa de haber sido presentado prematuramente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones