ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| ANÍBAL J. MENDÍN SÁNCHEZ<br><br>Recurrente<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br><br>Recurrida | KLRA202500047 | *Revisión Judicial* procedente de la Autoridad de Acueductos y Alcantarillados<br><br>Reclamación Núm.: 2023-04-0299<br><br>Sobre: Revisión Decisión Administrativa |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2025.

Comparece el Lcdo. Aníbal Mendín Sánchez (en adelante, Recurrente), mediante un recurso de revisión judicial. Solicita nuestra intervención para la concesión de remedios, como resultado de la misiva que cursó la Autoridad de Acueductos y Alcantarillados (en adelante, AAA o Recurrida) el 23 de diciembre de 2024, remitida por correo postal el día 27 siguiente. En esta carta, la AAA atendió una solicitud de vista administrativa que presentó el Recurrente el 27 de mayo de 2023. Particularmente la AAA expresó que dicha solicitud no se presentó dentro del término estipulado en la Ley Núm. 33, *infra.* Puntualizó que la determinación tomada por el Asesor Técnico de la AAA en el nivel apelativo era final e inapelable. Además, la Recurrida informó que la cuenta del Recurrente reflejaba un balance de $1,104.64 y que tenía un término de diez (10) días para saldarlo.

**I.**

Según surge del expediente de la presente causa, el 5 de febrero de 2023, el Recurrente objetó la factura fechada el 20 de

Número Identificador

SEN2025_____

enero de 2023, por la cantidad de $176.83, correspondiente al periodo de consumo del 19 de octubre de 2022 al 21 de diciembre de 2022.[1] En respuesta, la AAA dirigió un correo electrónico al Recurrente el 17 de febrero de 2023.[2] En éste, la Recurrida anejó una carta, mediante la cual informó que, el día anterior, había realizado una investigación para verificar las instalaciones. Indicó que pudo corroborar que la lectura fue correcta y que no se encontró ninguna deficiencia en las instalaciones. A tales efectos, la AAA concluyó que los cargos facturados procedían en su totalidad. En ese momento el balance era de $353.66. La comunicación advirtió que, de estar en desacuerdo, el Recurrente contaba con un término de diez (10) días para solicitar la revisión de la determinación, para lo que proveyó la dirección de un apartado postal de correo. Por último, la Recurrida apuntó que, de no presentar la solicitud aludida ni recibir el pago correspondiente, la determinación advenía final e inapelable y la AAA podía suspender los servicios de agua en cualquier momento.

El 27 de febrero de 2023, el Recurrente envió por correo certificado con acuse de recibo una petición de revisión de la previa determinación.[3] En esencia, denunció que fue objeto de una doble facturación por el mismo periodo de consumo. Acogida y evaluada la solicitud, el 8 de mayo de 2023, remitida por correo el día 17 siguiente, la AAA reiteró su postura.[4] En síntesis, sostuvo que no se encontraron errores en el análisis del historial de lecturas y facturaciones que ameritaran algún ajuste. Sugirió que el cargo podía deberse a un aumento en el consumo o deficiencias de las instalaciones interiores, ambas responsabilidades del cliente. Anunció que el balance era de $455.47. Asimismo, avisó al

---

[1] Apéndice, págs. 1-4.
[2] Apéndice, págs. 5-6.
[3] Apéndice, págs. 7-9.
[4] Apéndice, págs. 10-11.

Recurrente que tenía un término de diez (10) días para pagar los cargos o solicitar una vista administrativa, dirigida a otro funcionario al mismo apartado postal de correo. Por último, la Recurrida apercibió que de no presentar una solicitud de vista administrativa o de no recibir el pago correspondiente, la determinación advenía final e inapelable y la AAA podía suspender los servicios de agua en cualquier momento.

Así las cosas, el Recurrente realizó el mismo procedimiento para solicitar la revisión. Esto es, el 27 de mayo de 2023, envió por correo certificado con acuse de recibo una solicitud de vista administrativa.[5] Allí alegó que no hubo mayor consumo, ni deficiencias en las instalaciones interiores, las cuales fueron revisadas por un plomero. Insistió también en la facturación duplicada.

Entonces, transcurrido año (1) y siete (7) meses, el 23 de diciembre de 2024, notificada por correo el 27 de diciembre de 2024, la AAA le remitió al Recurrente una carta, en la que determinó que la solicitud de vista administrativa antes aludida no se presentó dentro del término estipulado en la Ley Núm. 33, *infra*.[6] Manifestó que la determinación que había tomado el Asesor Técnico de la AAA en el nivel apelativo era final e inapelable. Expuso, además, que la cuenta del Recurrente reflejaba un balance de $1,104.64, para lo que tenía un término de diez (10) días para realizar el pago, o la AAA podrá suspender el servicio. **Cabe precisar que, a diferencia de las otras, en esta carta, a pesar de disponer de la causa iniciada desde inicios de 2023, la AAA no realizó ninguna advertencia sobre algún término para solicitar la revisión de esta decisión**.

Inconforme, el 17 de enero de 2025, el Recurrente presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

---

[5] Apéndice, págs. 12-14.
[6] Apéndice, págs. 15-16.

***Erró la AAA al denegar la Reclamación del Recurrente por supuestamente no haber presentado su solicitud de vista administrativa dentro del término establecido bajo la Ley Núm. 33 de 1985.***

***Erró la AAA al resolver que la decisión recurrida era inapelable.***

***Erró la AAA al demorar 1 año y 7 meses en resolver la solicitud del recurrente.***

El 19 de febrero de 2025, la AAA presentó una *Moción de Desestimación por Falta de Jurisdicción.* Fundamentó la petición al plantear que la misiva recurrida no era una resolución final revisable, emitida por un juez administrativo. Reconoció que el documento no incluyó determinaciones de hecho, conclusiones de derecho ni las advertencias de rigor.

Con el beneficio de ambas comparecencias, procedemos a disponer de las controversias planteadas.

## II.

## A.

La Ley Núm. 201 de 22 de agosto de 2003, *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 *et seq.*, dispone en el inciso (c) del Artículo 4.006 que este tribunal intermedio acogerá, como cuestión de derecho, los recursos de revisión judicial "de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". 4 LPRA sec. 24(y)(c). Por igual, la Regla 56 del Reglamento del Tribunal de Apelaciones establece que son objeto de revisión judicial "las providencias finales dictadas por organismos o agencias administrativas o por sus funcionarios o funcionarias, ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley". 4 LPRA Ap. XXII-B, R. 56.

Por su parte, la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601 *et seq*, define una *orden* o *resolución* como "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas...". Sec. 1.3 LPAUG, 3 LPRA sec. 9603(g). Es decir, **"una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia; les pone fin, sin dejar pendiente una para ser decidida en el futuro**". (Énfasis nuestro). *Comisionado Seguros v. Universal,* 167 DPR 21, 29 (2006). Nuestro Tribunal Supremo ha opinado que "una orden o resolución final tiene las características de una sentencia en un procedimiento judicial, porque resuelve finalmente la cuestión litigiosa y permite su apelación o solicitarse su revisión". *Id.* En fin, una orden o resolución final de una agencia administrativa dispone del caso respecto a todas las controversias y tiene efectos adjudicativos y dispositivos sobre las partes. *Id.*, págs. 29-30. Por ello, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, delimita el alcance de la revisión judicial de las decisiones administrativas y dispone que la revisión administrativa ante el Tribunal de Apelaciones se hará respecto a las órdenes o resoluciones finales, luego de que el recurrente haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente. Con ello, la Asamblea Legislativa limitó la revisión judicial exclusivamente a las órdenes finales de las agencias. *Comisionado Seguros v. Universal, supra*, pág. 28.

Cónsono con lo anterior, la Sección 3.14 de la LPAUG, 3 LPRA sec. 9654, mandata que la orden o resolución incluya y exponga determinaciones de hecho, a menos que se hayan renunciado,

conclusiones de derecho que fundamenten la adjudicación y la disponibilidad del recurso de reconsideración o revisión. Esto es, que a todas las partes se les advierta de su derecho a solicitar reconsideración ante el propio organismo administrativo o a instar un recurso de revisión judicial en el Tribunal de Apelaciones. Como se sabe, **la falta de notificación adecuada atenta contra el derecho de las partes a cuestionar los dictámenes emitidos**. *Berríos Fernández v. Vázquez Botet,* 196 DPR 245, 250-251 (2016). Así, una notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado y tiene el efecto de que el recurso que se presente ante el foro de mayor jerarquía sea prematuro. *P.R. Eco Park, et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019). No obstante, el Tribunal Supremo ha resuelto que, **si la parte ha presentado su recurso y ante la ausencia de incuria, este Tribunal de Apelaciones debe resolver el caso en los méritos**. *Id.*, pág. 540.

### B.

La Ley Núm. 33 de 27 de junio de 1985, según enmendada, *Ley para Establecer Requisitos Procesales Mínimos para la Suspensión de Servicios Públicos Esenciales*, 27 LPRA sec. 262 *et seq.* (Ley Núm. 33), tiene el propósito de garantizar a los abonados la oportunidad de objetar la corrección y procedencia de los cargos facturados, una adecuada notificación de la decisión de suspenderle el servicio por falta de pago, así como garantizar la divulgación de la totalidad del procedimiento establecido. Art. 1 de la Ley Núm. 33, 27 LPRA sec. 262. El estatuto aplica a la Autoridad de Acueductos y Alcantarillados, a la que compele a proveer un procedimiento administrativo para la suspensión del servicio por falta de pago, el cual debe cumplir con los mecanismos y las garantías mínimas al abonado. Arts. 2 y 3 de la Ley Núm. 33, 27 LPRA secs. 262a y 262b.

En lo que atañe en particular al caso del epígrafe, el Artículo 3 de la Ley Núm. 33, 27 LPRA sec. 262b, vigente a la presentación de la objeción de la factura que nos compete, establecía el procedimiento administrativo que resumimos a continuación.[7]

Primero, para impugnar una factura de cobro, el abonado cuenta con veinte (20) días a partir de su envío para objetarla y solicitar una investigación ante un funcionario de la oficina local donde ubica la estructura que recibe servicio. Art. 3(a) de la Ley Núm. 33, 27 LPRA sec. 262b(a). Antes, la investigación debía concluirse e informar sus hallazgos en un plazo de sesenta (60) días.[8] Art. 3(b) de la Ley Núm. 33, 27 LPRA ant. sec. 262b(b).

Segundo, tras la notificación por escrito del resultado de la investigación, el abonado tenía diez (10) días para objetar la decisión del funcionario de la oficina local ante otro funcionario de la región o distrito en que el usuario recibe el servicio. El funcionario contaba con veinte (20) días, a partir de la fecha de objeción, para resolver la solicitud.[9] Art. 3(b) de la Ley Núm. 33, 27 LPRA ant. sec. 262b(b).

Tercero, **la decisión del funcionario de la región o distrito se le notificaba por escrito al abonado, quien tenía diez (10) días, a partir de dicha notificación, para solicitar una revisión de esa decisión y vista administrativa ante el director ejecutivo de la autoridad concernida**.[10] Art. 3(c) de la Ley Núm. 33, 27 LPRA ant. sec. 262b(c).

Cuarto, previo a la celebración de la vista administrativa antes dispuesta, el abonado debe pagar una cantidad igual al promedio de la facturación, a base del consumo de los doce meses precedentes.[11]

---

[7] Cabe mencionar que, entre otras disposiciones legales, el Artículo 3 de la Ley Núm. 33 fue enmendado significativamente por la Ley 207 de 17 de septiembre de 2024 (Ley Núm. 207-2024).

[8] La Ley Núm. 207-2024 redujo el término de la investigación a treinta (30) días. 27 LPRA sec. 262b(b).

[9] La Ley Núm. 207-2024 suprimió esta etapa procesal, al fusionar la solicitud de reconsideración de la decisión y la vista administrativa ante el director ejecutivo regional de la autoridad concernida.

[10] Equivalente al actual Artículo 3(b) de la Ley Núm. 33, 27 LPRA sec. 262b(b).

[11] Equivalente al actual Artículo 3(d) de la Ley Núm. 33, 27 LPRA sec. 262b(d).

Art. 3(e) de la Ley Núm. 33, 27 LPRA ant. sec. 262b(e). En esta etapa, la instrumentalidad nombraba a un abogado para que actuara como examinador y dilucidara los planteamientos del abonado en un plazo de noventa (90) días.[12] Art. 3(f) de la Ley Núm. 33, 27 LPRA ant. sec. 262b(f). Si el examinador resolvía en contra del abonado y confirmaba la exigibilidad del pago de la factura, el abonado debía pagar el balance de la deuda en un plazo de veinte (20) días a partir de la notificación de la decisión; o mediante un plan de pago. De no cumplir con el pago, la instrumentalidad estaba facultada para suspender, desconectar y dar de baja el servicio.[13] Art. 3(g) de la Ley Núm. 33, 27 LPRA ant. sec. 262b(g).  No obstante, en ningún momento mientras se desarrollen estos procedimientos administrativos, la instrumentalidad podía suspender el servicio.[14] Art. 3(d) de la Ley Núm. 33, 27 LPRA ant. sec. 262b(d).

Quinto, el abonado tenía veinte (20) días a partir de la notificación de la decisión del examinador para recurrir en revisión al Tribunal de Primera Instancia de Puerto Rico. Empero, en atención a la causa presente, **a la fecha en que la AAA emitió la comunicación recurrida, la Ley Núm. 207-2024 había sustituido el foro primario por el Tribunal de Apelaciones**. 27 LPRA sec. 262b(g).

El foro judicial revisa la decisión del examinador conforme con los postulados del derecho administrativo, en cuanto a la evidencia sustancial que obre en el expediente administrativo, las determinaciones de hecho y las conclusiones de derecho. Art. 3(h) de la Ley Núm. 33, 27 LPRA ant. sec. 262b(h).[15] El estatuto establece, además, que nada de lo dispuesto impide que la instrumentalidad conceda a sus abonados otros derechos más

---

[12] La Ley Núm. 207-2024 redujo el término a treinta (30) días, prorrogable por justa causa otros quince (15) días. 27 LPRA sec. 262b(e).
[13] Equivalente al actual Artículo 3(f) de la Ley Núm. 33, 27 LPRA sec. 262b(f).
[14] Equivalente al actual Artículo 3(c) de la Ley Núm. 33, 27 LPRA sec. 262b(c).
[15] Equivalente al actual Artículo 3(g) de la Ley Núm. 33, 27 LPRA sec. 262b(g).

amplios que los prescritos.[16] Art. 8 de la Ley Núm. 33, 27 LPRA sec. 262f.

En armonía con el procedimiento antes descrito, el *Reglamento sobre el Uso de los Servicios de Acueducto y Alcantarillado Sanitario de Puerto Rico*, Reglamento Núm. 8901 de 27 de enero de 2017,[17] dispone como sigue:

> **Artículo 2.25 - Objeciones de Facturas**
>
> La Autoridad recibirá e investigará toda factura objetada dentro del término establecido por la Ley Núm. 33 y notificará el resultado de la investigación realizada. La investigación de la Autoridad dependerá de la naturaleza de los planteamientos del cliente en apoyo a su objeción y se limitará a la verificación de la información del servicio registrado del cliente, lectura, condiciones del contador y acometida.
>
> **Para determinar si una reclamación se somete dentro del plazo requerido, la fecha que prevalecerá será la fecha en la que el cliente, el usuario o su representante presente su objeción por los medios establecidos por la Autoridad. Si la reclamación se somete por correo, prevalecerá la fecha del matasello**. La Autoridad rechazará cualquier reclamación sometida fuera del plazo requerido, a menos que el reclamante pueda probar a satisfacción de la Autoridad que existe justa causa para el incumplimiento de dicho término.
>
> .    .    .    .    .    .    .    .    .
>
> **Artículo 3.09 - Derecho de Objeción de Facturas**
>
> El cliente o usuario puede objetar los cargos facturados y solicitar que la Autoridad realice una investigación. **Toda objeción deberá radicarse dentro de los términos establecidos, de acuerdo a la Ley Núm. 33**. (Énfasis nuestro).

---

[16] La disposición ha permanecido inalterada.

[17] El Reglamento Núm. 8901 enmienda el *Reglamento sobre los Servicios de Agua y Alcantarillado*, Reglamento Núm. 6685 de 19 de junio de 2003.

**III.**

Como cuestión de umbral, revisamos nuestra jurisdicción sobre la causa de autos. En atención a ello, en el **segundo señalamiento de error**, el Recurrente plantea que la AAA incidió al resolver que la decisión era inapelable.

Según esbozamos, es revisable aquel pronunciamiento de una agencia administrativa que culmina el procedimiento, dispone del caso y tiene efectos sustanciales y dispositivos sobre las partes. Es decir, pone fin al asunto ante sí. En este caso, si bien la misiva de la AAA no es el resultado de un procedimiento adjudicativo, lo cierto es que la comunicación genérica de la Recurrida, en contravención a la Ley Núm. 33, privó al Recurrente de su derecho a agotar todos los remedios provistos por el estatuto regidor, al disponer de manera final la objeción de la factura.

Primero, a pesar de que el documento carece de determinaciones fácticas —las cuales incluso son renunciables— la carta comprende una conclusión de derecho, **la cual dispuso de la causa de manera definitiva**, sin base en el ordenamiento jurídico pertinente. Por tanto, el documento es revisable por los tribunales. Segundo, la falta del apercibimiento reconocida por la AAA para recurrir ante esta curia en un plazo de veinte (20) días, tampoco impide nuestra revisión. Por el contrario, como ha resuelto el Tribunal Supremo, si la parte ha presentado un recurso y no hay incuria, este Tribunal de Apelaciones puede resolver el caso en sus méritos. *P.R. Eco Park, et al. v. Mun. de Yauco, supra.* A la luz de lo anterior, aun cuando a la presentación del recurso habían transcurrido veintiún (21) días de la notificación de la carta de 27 de diciembre de 2024, la falta de advertencias y la ausencia de incuria imposibilitó que comenzaran a cursar los términos jurisdiccionales.

Acreditada nuestra jurisdicción, en el **primer y tercer señalamientos de error**, que discutiremos en conjunto por su relación intrínseca, el Recurrente alega que la AAA se equivocó al denegar su reclamación por no haber presentado la solicitud de vista administrativa dentro del término establecido por la Ley Núm. 33. Añade que la Recurrida demoró un (1) año y siete (7) meses en resolver el trámite administrativo, lo que constituyó una violación de sus derechos. Luego de un análisis minucioso de la Ley Núm. 33 y la reglamentación aplicable, concluimos que al Recurrente le asiste la razón. Veamos.

Según reseñamos, el Recurrente objetó a tiempo y vía electrónica la factura de 20 de enero de 2023 y con ello inició el trámite administrativo. En breve y por correo electrónico, recibió una respuesta genérica el **17 de febrero de 2023** que no lo satisfizo, por lo que el Recurrente escaló el trámite administrativo. Para ello, dentro del plazo de diez (10) días, el **27 de febrero de 2023**, envió por **correo certificado con acuse de recibo** una petición de revisión de la decisión. La AAA acogió y evaluó la reclamación, pero sostuvo su previa determinación. A esos efectos, la Recurrida remitió por correo regular el **17 de mayo de 2023** otra carta que advirtió del derecho del Recurrente a solicitar una vista administrativa en un término de diez (10) días.

Entonces, el Recurrente repitió el mismo trámite realizado, esta vez, para comenzar el procedimiento adjudicativo. Es decir, el **27 de mayo de 2023**, solicitó la revisión de la decisión y vista administrativa por **correo certificado con acuse de recibo**. Transcurridos diecinueve (19) meses, esto es, el **27 de diciembre de 2024**, la AAA notificó por correo regular la carta que nos ocupa. Allí, determinó que la solicitud de vista administrativa no se presentó dentro del término estipulado en la Ley Núm. 33, *infra.*

Por consiguiente, resulta evidente la crasa equivocación de la AAA. Es incontrovertible que la carta del Recurrente fue enviada dentro del plazo directivo de diez (10) días, a partir de la notificación de la misiva de la AAA. Nótese, además, que de conformidad con la reglamentación vinculante a este proceso, para determinar si la reclamación se sometió dentro del plazo dispuesto, la fecha que prevalece es la que presente el cliente en su objeción, por los medios establecidos por la Autoridad. "**Si la reclamación se somete por correo, prevalecerá la fecha del matasello**". (Énfasis nuestro). En este caso, la evidencia anejada en el expediente demuestra que la petición de la audiencia administrativa cumplió con el término de diez (10) días dispuesto. La AAA abusó de su discreción al no acoger la carta, aun cuando validó un trámite idéntico realizado con la carta de 27 de febrero de 2023. Concluimos, pues, que el Recurrente tiene derecho a la celebración de la vista administrativa solicitada de manera oportuna.

Finalmente, es forzoso colegir que el Recurrente tiene razón al denunciar la violación de sus derechos por causa de la demora injustificable de la AAA al responder tardíamente y con una carta genérica a su solicitud de vista. Dicho proceder contravino los más elementales preceptos del derecho administrativo, el espíritu de la Ley Núm. 33 dirigida a conceder amplios derechos que los prescritos y colocó al Recurrente en una posición de indefensión. Llamamos la atención que el Recurrente es conocedor del derecho, por lo que esta actuación hubiera sido fatal para un ciudadano lego. Al respecto, apuntamos que la Ley Núm. 207-2024 añadió un inciso (h) al Artículo 3 de la Ley Núm. 33, *supra*, que obliga a la AAA. Así dispone:

> La autoridad, instrumentalidad gubernamental, corporación pública y/o alianza público-privada participativa, proveerá al abonado un enlace a través de los medios digitales, telefónicos o por correo postal, para **informar el estado actualizado de la objeción**

**del abonado** en cada uno de los pasos establecidos en esta ley. **Si cualquiera de las partes incumpliera con cualquiera de los términos dispuestos mediante esta ley, la controversia se resolverá a favor de la parte que se encuentre en cumplimiento**. 27 LPRA sec. 262b(h).

**IV.**

Por los fundamentos antes expuestos, acordamos revocar. En consecuencia, devolvemos el caso ante la atención de la Autoridad de Acueductos y Alcantarillados para que inmediatamente celebre la vista administrativa solicitada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones