Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JEANNETTE MARIE BAÉZ VALLECILLO, SUZETTE BÁEZ VALLECILLO, LUIS BÁEZ VALLECILLO<br><br>Peticionarios<br><br>V.<br><br>LYBIA GRISELLE VIENTÓS PACHECO, LUISA G. BÁEZ VIENTÓS, MARÍA L. BÁEZ VIENTÓS<br><br>Recurridos | TA2025CE00323 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. SJ2023CV10261<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Rodríguez Casillas, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

En el caso de epígrafe carecemos de jurisdicción para atender el recurso de *certiorari,* por lo que debemos desestimarlo por tardío. Veamos los fundamentos.

**-I-**

Del expediente surge que el **27 de mayo de 2025**, el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI") emitió una Resolución Interlocutoria, la cual notificó el **30 de mayo 2025**.[1] En lo pertinente, el TPI resolvió lo siguiente: *"Las partes tienen un término final de 30 días para culminar el descubrimiento de prueba."*

En reacción, el **4 de junio de 2025**, la parte demandante compuesta por: Jeannette Marie Báez Valecillo, Suzette Báez

---

[1] Entrada Núm. 152 SUMAC.

Valecillo y Luis Báez Valecillo ("parte peticionaria"), presentó una **primera** reconsideración que intituló: *Solicitud de Adjudicación de Entradas 116 y 139 y Extensión de Término para Concluir Descubrimiento de Prueba.*[2] Entre otras, cuestionó el término otorgado por el TPI para culminar el descubrimiento de prueba, por lo que solicitó la extensión del plazo de 30 días fijado.

En atención a la reconsideración, el **16 de junio de 2025** el TPI emitió y notificó una Resolución Interlocutoria, en la que, en lo pertinente, resolvió:

> *Se declara Sin Lugar la solicitud de reconsideración de la parte demandante para extender el descubrimiento de prueba.*[3]

Pese a lo antes resuelto, el **18 de junio de 2025** la parte peticionaria presentó una **segunda** una moción de reconsideración intitulada: *Solicitud de Aclaración o, en la Alternativa, Término para Completar y Tomar Deposiciones de la Ejecutora Universal y del Lcdo. y CPA Areizaga.*[4] En síntesis, esta parte volvió a cuestionar el término fijado en la Resolución del 30 de mayo de 2025 para culminar el descubrimiento de prueba en el plazo de 30 días.

El **23 de junio de 2025**, la parte demandada compuesta por Lybia Grisselle Vientós Pacheco ("parte recurrida"), presentó una: *Oposición a "Solicitud de Aclaración o, en la Alternativa, Reconsideración" SUMAC [165],*[5] en la cual se señaló que —la referida Solicitud de Aclaración— no era otra cosa que una reiteración improcedente de una reconsideración disfrazada. Por lo que solicitó se rechazara de plano.

El **27 de junio de 2025**, el TPI emitió y notificó una Resolución Interlocutoria, en la que resolvió lo siguiente:

> **Se declara Sin Lugar la Solicitud de Aclaración radicada por la parte demandante (Sumac161). La partes tienen que terminar el descubrimiento de prueba**

---

[2] Entrada Núm. 156 SUMAC.
[3] Entrada Núm. 159 SUMAC.
[4] Entrada Núm. 161 SUMAC.
[5] Entrada Núm. 165 SUMAC.

*en 30 días. En mismo plazo se deberá deponer al CPA Areizaga y concluir con la deposición de la Ejecutora Universal limitada a 2 horas.*[6]

En aras de aclarar y confirmar lo antes resuelto, el **2 de julio de 2025** la parte recurrida presentó una moción intitulada: *Solicitud de Aclaración, para Efectos de Consistencia y Uniformidad de los Procesos*. Entre otras, solicitó al TPI que aclarase la antes dicha Resolución [SUMAC 172] y confirmase lo siguiente:

> ***Que el plazo para descubrimiento de prueba culminó irrevocablemente el 30 de junio de 2025,*** *conforme a las órdenes finales anteriores emitidas el 30 de mayo de 2025, SUMAC [152], el 16 de junio de 2025, SUMAC [159] y el 27 de junio de 2025 , SUMAC [172] primera oración.*[7]

El **3 de julio de 2025**, el TPI emitió y notificó una Resolución Interlocutoria, en la cual aclaró y reiteró lo siguiente:

> ***Se aclara que a tenor con las determinaciones previas el término que tenían las partes para culminar el descubrimiento de prueba era hasta el 30 de junio de 2025.*** *Las deposiciones a la Albacea, al contador partidor Areizaga y/o a cualquier otro testigo tenían que estar programadas antes que venciera el plazo de 30 días.* ***Nuestra Resolución del 27 de junio de 2025, (Sumac 172), reiteró y no extendió el término para acabar el descubrimiento.*** *Igualmente, la presentación del inventario y avalúo se mantiene para el 15 de julio de 2025 y del mismo modo el término de 90 días para presentar el cuaderno particional.*[8]

Pese a todo lo antes resuelto, el **18 de julio de 2025** la parte peticionaria presentó una **tercera** moción de reconsideración intitulada: *Solicitud de Vista Urgente sobre Estado de los Procedimientos, Reconsideración de Orden Interlocutoria Prohibiendo la Toma de Deposiciones y, en la Alternativa, Informando Intención de Solicitar Revisión al Tribunal Apelativo.*[9] En síntesis, volvió a cuestionar el término para concluir el descubrimiento de prueba, fijado desde el 30 de mayo de 2025.

El **23 de julio de 2025**, la parte recurrida se opuso mediante el escrito intitulado: *Moción en Cumplimiento de Orden y Solicitando*

---

[6] Entrada Núm. 172 SUMAC. Énfasis nuestro.
[7] Entrada Núm. 174 SUMAC. Énfasis nuestro.
[8] Entrada Núm. 176 SUMAC. Énfasis nuestro.
[9] Entrada Núm. 180 SUMAC.

*se Declare No Lugar de Plano Tercera Moción de Reconsideración*.[10]

En resumen, adujo que la antes dicha *Solicitud de Vista Urgente…*, constituía:

> *…una tercera reconsideración disfrazada, en abierta contravención de la Regla 47 de Procedimiento Civil, que solo permite una reconsideración por orden o resolución interlocutoria. El término para solicitar revisión de la negativa a la primera moción de Reconsideración venció el 16 de julio de 2025, y la parte demandante pretende reavivarlo mediante esta moción improcedente.[11]*

El **24 de julio de 2025**, la parte peticionaria presentó *Breve Réplica a Oposición (Entrada 182)*.[12] En síntesis, adujo que no se trataba de una tercera moción de reconsideración:

> *…ya que en su Resolución Interlocutoria de 3 de julio de 2025 (Entrada 176) este Honorable Tribunal acogió y consideró la Solicitud de Aclaración o, en la Alternativa, Término para Completar y Tomar Deposiciones de la Ejecutora Universal y del Licenciado y CPA Areizaga (Entrada 161) (la "Solicitud de Aclaración") y aclaró, **por primera vez**, que el término de treinta (30) días establecido mediante Orden Interlocutoria de 27 de Junio de 2025 (Entrada 172) estaba supuesto a terminar el 30 de junio de 2025, a juicio del Tribunal, y que no empezó a correr desde que la orden fue emitida como razonablemente interpretaron los abogados que suscriben.[13]*

El **31 de julio de 2025**, el TPI dictó y notificó una Resolución Interlocutoria, en la cual resolvió:

> *Se declara **Sin Lugar** la solicitud de vista urgente sobre estado de los procedimientos y reconsideración de orden interlocutoria radicada por la parte demandante (Entrada 180).[14]*

Así, el **20 de agosto de 2025** la parte peticionaria acude a este Tribunal de Apelaciones mediante el presente recurso de *certiorari*. En específico, nos solicita que revisemos:

> *Se recurre revisión de la Resolución Interlocutoria emitida y notificada el 3 de julio de 2025 (Entrada176) (anteriormente definida como la "Orden Recurrida") **mediante la cual el TPI aclaró y en definitiva decidió por primera vez que el término de treinta (30) días impuesto mediante Resolución Interlocutoria de 27 de junio de 2025 (Entrada 172) debía entenderse vencida el 30 de junio de 2025**, trabándose por primera vez la controversia de sí tal término viola el debido proceso de ley de los Hermanos Báez Valecillo, considerando que el mismo equivale a una prohibición de que se tomen dos importantes*

---

[10] Entrada Núm. 182 SUMAC.
[11] *Íd.*
[12] Entrada Núm. 183 SUMAC.
[13] *Íd.*
[14] Entrada Núm. 184 SUMAC.

*deposiciones pendientes en este caso y que los Hermanos Báez Valecillo necesitaban para hacer valer sus derechos ante el TPI, sin que haya mediado culpa por parte de estos.[15]*

El **8 de septiembre de 2025**, la parte recurrente presentó sendos escritos; a saber: **(1)** *Moción de Desestimación de Certiorari por Falta de Jurisdicción* y **(2)** *Oposición a Expedición de Auto y Alegato en Oposición de Certiorari.*

**-II-**

Resumido el tracto procesal, examinemos el derecho aplicable.

El Tribunal Supremo de Puerto Rico ha señalado en reiteradas ocasiones que las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente.[16] En el caso particular del recurso del recurso de *certiorari,* la Regla 52.2 (b) de Procedimiento Civil establece que:

> *[l]os recursos de certiorari al Tribunal de Apelaciones para revisar **resoluciones u órdenes** del Tribunal de Primera Instancia […] deberán ser presentados dentro del **término de treinta (30) días** contados **desde la fecha de notificación de la resolución u orden recurrida**. El término aquí dispuesto es de **cumplimiento estricto**, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari.[17]*

No obstante, el término de treinta (30) días —antes dicho— admite interrupción. A esos efectos, el inciso (g) de la Regla en discusión dispone que:

> *"[e]l transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de certiorari se **interrumpirá** y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47 de [Procedimiento Civil]".[18]*

Por ello, la Regla 47 de Procedimiento Civil,[19] sirve el propósito de permitir a los tribunales que modifiquen o corrijan aquellos errores en los que hubiesen incurrido al dictar órdenes, resoluciones

---

[15] Véase, págs. 2-3 de la *Petición de Certiorari.* Énfasis nuestro.
[16] *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007).
[17] Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b). Véase, además, Regla 32 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32.
[18] Regla 52.2 (g) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(g).
[19] Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.

y sentencias.[20] En lo pertinente a las órdenes o resoluciones interlocutorias, la referida Regla 47 dispone lo siguiente:

> *[l]a parte adversamente afectada por una **orden o resolución** del Tribunal de Primera Instancia podrá, dentro del término de **cumplimiento estricto de quince (15) días** desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.*
> *[…]*
> *Una vez presentada la moción de reconsideración **quedarán interrumpidos los términos** para recurrir en alzada para todas las partes. **Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.** [...]*[21]

**En primer orden**, nótese que la mera presentación oportuna de una solicitud de reconsideración —que cumpla con **todos** los requisitos dispuestos en la Regla antes esbozada—, tiene el efecto de **paralizar automáticamente** los términos concedidos por ley para recurrir en alzada, hasta tanto el TPI resuelva la solicitud.[22]

Ahora, una vez el TPI dispone finalmente de la moción de reconsideración, entonces comienza a correr el plazo de treinta (30) días —de cumplimiento estricto— que la Regla 52.2 (b) de Procedimiento Civil, *supra,* otorga para poder recurrir ante este Foro Apelativo.[23] Dicho de otro modo, la adjudicación de una moción de reconsideración incide sobre el debido proceso de ley de las partes, ya que el término para solicitar la revisión comenzará a transcurrir **nuevamente** a partir de la fecha de archivo en autos copia de la notificación de la determinación resolviendo la solicitud de reconsideración.[24]

**En segundo orden**, cabe destacar que la citada la Regla 47 de Procedimiento Civil, no establece ni permite una segunda solicitud de reconsideración. Es decir, resuelta la moción de reconsideración

---

[20] *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 166 (2016); J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., Pubs. JTS, 2011, T. IV, pág. 1366.

[21] 32 LPRA Ap. V, R. 47. Énfasis suplido.

[22] *Rivera Marcucci v. Suiza Dairy,* supra, pág. 167; *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7-8 (2014).

[23] *Mun. Rincón v. Velázquez Muñiz,* 192 DPR 989, 1005 (2015).

[24] *Berríos Fernández v. Vázquez Botet,* 196 DPR 245, 254 (2016); Regla 47 de Procedimiento Civil, *supra.*

y notificada la orden o resolución interlocutoria, comienza a decursar término de treinta (30) días de la Regla 52.2 (b) de Procedimiento Civil, *supra.* Razón por la cual, la vía procesal que tiene una parte adversamente afectada por la denegatoria de una solicitud de reconsideración —en un asunto interlocutorio— es la presentación de un recurso de *certiorari* ante este foro intermedio dentro del mencionado plazo de treinta (30) días de cumplimiento estricto.

Por último, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los siguientes motivos:*
> *(1) que el Tribunal de Apelaciones carece de jurisdicción;*
> *(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.*
> *[...]*
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[25]

Es norma reiterada en nuestro ordenamiento, que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[26] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobe determinado aspecto legal.[27] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable.[28]

---

[25] 4 LPRA Ap. XXII-B, R. 83.
[26] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[27] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[28] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

Un recurso tardío, al igual que uno prematuro, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[29] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[30]

**-III-**

A la luz de la normativa antes expuesta, concluimos que carecemos de jurisdicción para atender los méritos del recurso presentado por la parte peticionaria.

**En primer lugar**, el **27 de mayo de 2025** el TPI emitió una Resolución Interlocutoria, la cual **notificó el 30 de mayo 2025**.[31] En lo pertinente, resolvió lo siguiente: *"Las partes tienen un término final de 30 días para culminar el descubrimiento de prueba."* Por lo tanto, a partir del 30 de mayo de 2025 el término de treinta (30) días, provisto por la Regla 52.2 (b) de Procedimiento Civil, *supra*, comenzó a decursar para solicitar la revisión ante nos.

No obstante, dicho término fue **interrumpido el 4 de junio de 2025** cuando la parte peticionaria presentó bajo la Regla 47 de Procedimiento Civil, *supra*, un escrito de reconsideración intitulado: *Solicitud de Adjudicación de Entradas 116 y 139 y Extensión de Término para Concluir Descubrimiento de Prueba*.[32] Entre otros asuntos, cuestionó el término de treinta (30) días otorgado por el TPI para culminar el descubrimiento de prueba, por lo que solicitó la extensión del mismo.

Así, el **16 de junio de 2025** el TPI emitió y notificó la Resolución Interlocutoria en la que expresamente resolvió: ***Se declara Sin Lugar la solicitud de reconsideración de la parte***

---

[29] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883.
[30] *Ibid.*
[31] Entrada Núm. 152 SUMAC.
[32] Entrada Núm. 156 SUMAC.

*demandante para extender el descubrimiento de prueba*.[33] Por lo que el término de treinta (30) días establecidos en la Regla 52.2 (b) de Procedimiento Civil, *supra*, —para acudir a este foro intermedio— comenzó a decursar desde el **16 de junio de 2025**, fecha en que fue notificada la referida Resolución.

**En segundo lugar**, el **18 de junio de 2025** la parte peticionaria presentó una **segunda moción de reconsideración ante el TPI**: *Solicitud de Aclaración o, en la Alternativa, Término para Completar y Tomar Deposiciones de la Ejecutora Universal y del Lcdo. y CPA Areizaga*.[34] Allí, volvió a cuestionar el término fijado en la Resolución del 30 de mayo de 2025 para culminar el descubrimiento de prueba en el plazo de 30 días.

Como indicamos en la parte II de esta Sentencia, la Regla 47 de Procedimiento Civil, *supra*, no contempla una segunda moción de reconsideración para un mismo asunto.

Así, y luego de la oposición presentada por la parte recurrida,[35] el **27 de junio de 2025** el TPI emitió y notificó la Resolución Interlocutoria, en la que resolvió: ***Se declara Sin Lugar la Solicitud de Aclaración radicada por la parte demandante (Sumac161). La partes tienen que terminar el descubrimiento de prueba en 30 días***. *En mismo plazo se deberá deponer al CPA Areizaga y concluir con la deposición de la Ejecutora Universal limitada a 2 horas*.[36]

Nótese que el TPI rechaza de plano la Solicitud de Aclaración de la parte peticionaria y reitera que se debe culminar el descubrimiento de prueba dentro del plazo de treinta (30) días; incluso, las deposiciones antes indicadas. En palabras sencillas, el

---

[33] Entrada Núm. 159 SUMAC.
[34] Entrada Núm. 161 SUMAC.
[35] La parte recurrida reiteró que se trataba de una improcedente y disfrazada moción de reconsideración, por lo que le solicitó al TPI la rechazara de plano. Entrada Núm. 165 SUMAC.
[36] Entrada Núm. 172 SUMAC. Énfasis nuestro.

término de treinta (30) días no fue interrumpido, por lo tanto, este continuó transcurriendo desde la fecha del **16 de junio de 2025.**

En ánimo de aclaración, el **2 de julio de 2025** la parte recurrida presentó un escrito intitulado: _Solicitud de Aclaración, para Efectos de Consistencia y Uniformidad de los Procesos_. Entre otras, solicitó al TPI que aclarase la antes dicha Resolución [SUMAC 172] y confirmase lo siguiente:

> **_Que el plazo para descubrimiento de prueba culminó irrevocablemente el 30 de junio de 2025_**, _conforme a las órdenes finales anteriores emitidas el 30 de mayo de 2025, SUMAC [152], el 16 de junio de 2025, SUMAC [159] y el 27 de junio de 2025 , SUMAC [172] primera oración._[37]

En respuesta, el **3 de julio de 2025** el TPI emitió y notificó una Resolución Interlocutoria, en la cual aclaró y reiteró lo siguiente:

> **_Se aclara que a tenor con las determinaciones previas el término que tenían las partes para culminar el descubrimiento de prueba era hasta el 30 de junio de 2025_**. _Las deposiciones a la Albacea, al contador partidor Areizaga y/o a cualquier otro testigo tenían que estar programadas antes que venciera el plazo de 30 días._ **_Nuestra Resolución del 27 de junio de 2025, (Sumac 172), reiteró y no extendió el término para acabar el descubrimiento_**. _Igualmente, la presentación del inventario y avalúo se mantiene para el 15 de julio de 2025 y del mismo modo el término de 90 días para presentar el cuaderno particional._[38]

En esencia, esta Resolución tuvo el efecto de reiterar la determinación del 27 de mayo de 2025, en la que a todas luces el descubrimiento de prueba culminaba el 30 de junio de 2025.

**En tercer lugar**, el **18 de julio de 2025** la parte peticionaria presentó una **tercera moción de reconsideración**: _Solicitud de Vista Urgente sobre Estado de los Procedimientos, Reconsideración de Orden Interlocutoria Prohibiendo la Toma de Deposiciones y, en la Alternativa, Informando Intención de Solicitar Revisión al Tribunal Apelativo_.[39] Por otra parte, el **23 de julio de 2025**, la recurrida se opuso mediante: _Moción en Cumplimiento de Orden y Solicitando se_

---

[37] Entrada Núm. 174 SUMAC.
[38] Entrada Núm. 176 SUMAC. Énfasis nuestro.
[39] Entrada Núm. 180 SUMAC.

*Declare No Lugar de Plano Tercera Moción de Reconsideración.*[40] A su vez, el **24 de julio de 2025** la peticionaria presentó *Breve Réplica a Oposición (Entrada 182)*.[41] Finalmente, el **31 de julio de 2025** el TPI dictó y notificó una Resolución Interlocutoria en la que declaró ***Sin Lugar*** la solicitud de la parte peticionaria.[42]

Nótese que, la segunda ni la tercera moción de reconsideración interrumpieron el término de treinta (30) días de la Regla 52.2 (b) de Procedimiento Civil, *supra*, para acudir ante este Tribunal. Por lo tanto, si el **16 de junio de 2025** fue notificada la Resolución de NO HA LUGAR a la primera moción de reconsideración, el término de treinta (30) días **venció el miércoles, 16 de julio de 2025**.

Aunque, el **20 de agosto de 2025** la parte peticionaria acudió ante nos en el presente recurso de *certiorari* y adujo que:

> *Se recurre en revisión de la Resolución Interlocutoria emitida y notificada el 3 de julio de 2025 (Entrada176) (anteriormente definida como la "Orden Recurrida")* **mediante la cual el TPI aclaró y en definitiva decidió por primera vez que el término de treinta (30) días impuesto mediante Resolución Interlocutoria de 27 de junio de 2025 (Entrada 172) debía entenderse vencida el 30 de junio de 2025**, *trabándose por primera vez la controversia de sí tal término viola el debido proceso de ley de los Hermanos Báez Valecillo, considerando que el mismo equivale a una prohibición de que se tomen dos importantes deposiciones pendientes en este caso y que los Hermanos Báez Valecillo necesitaban para hacer valer sus derechos ante el TPI, sin que haya mediado culpa por parte de estos.*[43]

Ello no es justa causa para su presentación tardía. Razón por la cual, nos priva de jurisdicción para entenderlo en sus méritos, por lo que procede su desestimación.

Reiteramos que ni la **segunda** ni **tercera** solicitud de reconsideración —no permitidas en nuestro ordenamiento— tuvieron el efecto de interrumpir el término de treinta (30) días para acudir ante nos, dado que se trataba del mismo asunto resuelto y

---

[40] Entrada Núm. 182 SUMAC.
[41] Entrada Núm. 183 SUMAC.
[42] Entrada Núm. 184 SUMAC.
[43] Véase, págs. 2-3 de la *Petición de Certiorari.* Énfasis nuestro.

adjudicado en la Resolución Interlocutoria notificada **el 16 de junio de 2026**.

En ese sentido, concluimos que la radicación tardía —**el 20 de agosto de 2025**— del presente recurso de *certiorari* nos priva de jurisdicción para entenderlo en sus méritos. En consecuencia, procede su desestimación.

**-IV-**

Por los fundamentos antes expuestos, se desestima la petición de *certiorari* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.  El Juez Marrero Guerrero disiente al considerar que, si bien es correcta la normativa expuesta por mis compañeros del Panel sobre la improcedencia de una segunda moción de reconsideración, los hechos particulares de este caso, y el lenguaje utilizado por el Tribunal de Primera Instancia en sus determinaciones, provocan una legítima confusión, la que incluso motivó a que la **propia parte recurrida** se viera precisada a presentar el 2 de julio de 2025 una *Solicitud de Aclaración, Para Efectos de Consistencia y Uniformidad de los Procesos*.  Estas circunstancias parecerían justificar una interpretación razonable como en la que aparentemente descansaron los peticionarios.  Ello, unido al principio ampliamente reconocido de que el descubrimiento de prueba debe ser uno amplio y liberal no nos permite coincidir con la mayoría en este caso.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones